## 73944. BIL-JAX, INC. v. SCOTT.
## 73945. BIL-JAX, INC. v. PATTERSON.
### (359 SE2d 362)

BENHAM, Judge.

On February 2, 1984, appellees Scott and Patterson were burned and disfigured when the 50-foot metal scaffolding they were using came in contact with a live high-voltage electric power line. On January 30, 1986, shortly before the statute of limitation ran on the negligence actions, appellees filed their complaints for damages against several parties. The next day, appellees amended their complaints to add as a party defendant appellant Bil-Jax, Inc., the company that allegedly manufactured and marketed the scaffolding. Appellees did not seek leave of court at that time to amend their complaints by adding a new party, as required by OCGA §§ 9-11-15 and 9-11-21. On February 11, 1986, after the statute of limitation had run, appellees filed their second amended complaint, setting out in more detail their claims against appellant. They still had not filed a motion to add appellant as a party. Appellant was served with the original first and second amended complaints on February 19. On May 19, appellant filed a motion to strike or to dismiss appellees' complaints, contending that appellees had not properly amended their pleadings to add it as a party defendant, and that any attempt to so amend the complaints after the statute of limitation had run would be barred. Appellees responded on June 20 by filing motions seeking the trial court's approval of their first amended complaints adding Bil-Jax, Inc., as a party defendant or then to add it. The trial court, in detailed orders, expressly approved appellees' amended complaints. Appellant sought and we granted interlocutory review of these two cases to address whether the trial court erred in adopting appellees' amended complaints and in denying appellant's motions to strike or dismiss the complaints. We affirm the trial court's actions.

Appellant contends, and we agree, that appellees' motions were subject to the provisions of OCGA §§ 9-11-15 (c) and 9-11-21, and the factors related thereto. See *Horne v. Carswell*, 167 Ga. App. 229, 230 (306 SE2d 94) (1983). However, we must disagree with appellant's contention that there was no basis for the trial court's ruling in appellees' favor. It appears from the orders that the trial court took the relevant factors into consideration in rendering its decisions in the two cases. Since an oral hearing, upon which the trial court relied in part in reaching its decision, was held, and since appellant declined to include a transcript of evidence and proceedings, we must assume that the evidence and arguments set forth, in addition to the record before us, were sufficient for the trial court to rule as it did. *Burns v. Barnes*, 154 Ga. App. 802 (1) (270 SE2d 57) (1980). The record before us indicates, and the trial court's order points out, that since the stat-

ute of limitation had not run at the time appellees filed their first amendments, they could have avoided the present situation by dismissing the cases without prejudice and refiling the suits with appellant as a party defendant. However, since that was not done, it was within the trial court's discretion to grant the motions to amend, although filed after the statute of limitation had run, and have them relate back to the date the original complaints were filed if the occurrence, conduct, or transaction in the original pleadings was the same as that set forth in the amendments; if appellant would not be prejudiced in maintaining its defense on the merits; and if the added party knew or should have known that the actions would have been brought against it. *Dover Place Apts. v. A & M Plumbing &c. Co.,* 167 Ga. App. 732 (307 SE2d 530) (1983). Although the trial court did not condone the way appellees handled this matter, it granted appellees' motions after finding that the above criteria had been met; that appellant was a necessary party needed for a just and fair determination of the case; that appellant was served with all of the pleadings without inexcusable delay; and that the time of service should relate back to the filing of the original suits. Based on the record, we find that the trial court exercised but did not abuse its discretion in ruling as it did (OCGA §§ 9-11-15; 9-11-21), and did not err in granting appellees' motions and denying appellant's. *Clover Realty Co. v. Todd,* 237 Ga. 821 (229 SE2d 649) (1976), upon which appellant relies, is distinguishable from this case in that the plaintiff in *Clover Realty* waited three years after the statute of limitation had run before attempting to add an additional party and claim, and then tried to do so as a matter of right. The Supreme Court held that since no motion had been made and no leave of court had been granted for the amendment, the trial court properly granted defendant's motion to dismiss. That fact situation differs from the one before us, wherein the complaint against appellant was filed prior to the expiration of the statute of limitation, and so that case does not control.

*Judgments affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 17, 1987 —
REHEARINGS DENIED JULY 2, 1987 — 

*Stephen C. Andrews, K. G. Loomis,* for appellant.
*E. Graydon Shuford, Charles F. Perkins,* for appellee.