A90A0670. HARPER v. DEPARTMENT OF TRANSPORTATION et al.
(394 SE2d 398)

BEASLEY, Judge.

Plaintiff Harper, administrator of the estate of his brother, who died from a highway collision, was granted interlocutory appeal from the denial of his motion to add parties defendant in this wrongful death suit against Georgia DOT and its agents and employees. The denial was based on the motion's filing after expiration of the statute of limitation for the cause of action.

The deceased's vehicle collided head-on with a concrete abutment and median or barrier wall dividing Interstate 75 in Clayton County on February 22, 1987. On February 13, 1989, Harper filed suit naming as defendants DOT, its employees Mills (traffic and safety engineer for the district at the time of the collision), and McWhorter

(district maintenance engineer, Clayton County), and three "John Doe" defendants, "A" (the state design engineer for the interstate highway system and in particular for I-75 in Clayton County), John Doe "B" (the traffic safety engineer for Clayton County), and John Doe "C" (the traffic maintenance supervisor for Clayton County).

Within two days of filing suit, the named defendants plus Lively as "John Doe A," were served. Lively had been identified as the state design engineer. Subsequently, DOT's counsel informed Harper's counsel that Lively was probably an incorrect party and identified Lively's predecessor, McCoy, as being the proper person. McCoy was served on March 30. On May 25 Harper and Clayton County entered into a joint voluntary dismissal of all claims, counterclaims, and cross-claims involving the county defendants, based on exonerating affidavits.

Following the taking of depositions of the DOT defendants and a collision witness in mid-July, Harper determined that McCoy and Lively were not proper defendants and that DOT employees Burnham (state traffic and highway safety engineer), Henry (supervisor for the DOT emergency maintenance office), and Watson (state maintenance engineer) were the right parties. By agreement, Burnham was deposed on August 9. On August 23, Harper moved to drop Lively and McCoy as parties defendant and to add Burnham, Henry, and Watson pursuant to OCGA §§ 9-11-19 and 9-11-20.

At the hearing on the motion, Harper argued that addition of the parties was within the court's discretion taking into account any prejudice to the parties. DOT responded that the addition could not be made after expiration of the statute of limitation. Although the trial court listened to Harper's contentions regarding the diligence exercised in attempting to find the proper parties defendant and the lack of prejudice to the sought defendants, the court made no findings in those regards. It stated, and reiterated in the order, that it denied the motion to add the parties "purely based on the Statute of Limitations." The Court permitted Harper to drop the unwanted defendants.

"In order for an additional party to be added to an existing suit by amendment pursuant to OCGA § 9-11-15 . . . , leave of court must first be sought and obtained pursuant to OCGA § 9-11-21. . . . [Cits.] . . . An amendment adding or changing a party may be allowed even though a separate action by or against that party would be barred by the statute of limitation." *Horne v. Carswell*, 167 Ga. App. 229, 230 (306 SE2d 94) (1983). Harper's motion to add was "subject to the provisions of OCGA §§ 9-11-15 (c) and 9-11-21, and the factors related thereto. [Cits.]" *Bil-Jax, Inc. v. Scott*, 183 Ga. App. 516 (359 SE2d 362) (1987).

The rules and guidance set forth in *Horne* and *Bil-Jax* apply so

that Harper's motion was not barred as a matter of law merely because it was brought after the running of the action's statute of limitation. The court should have exercised its discretion, after assessing the relevant factors, in ruling on the motion. The court must decide the merits of the motion to add, and the case is therefore remanded to the trial court for this purpose.

*Judgment reversed and case remanded with direction. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 11, 1990.

*Strauss & Walker, John T. Strauss,* for appellant.

*Michael J. Bowers, Attorney General, Roland F. Matson, Senior Assistant Attorney General, Cathy A. Cox, Assistant Attorney General,* for appellee.