A91A1461. SARGENT et al. v. DEPARTMENT OF HUMAN RESOURCES.
(415 SE2d 918)

Judge Arnold Shulman.

Samuel and Gloria Sargent filed this action against the Georgia Department of Human Resources (DHR) seeking to recover for injuries sustained by Mr. Sargent when he was beaten by a juvenile who was then under the supervision of William Johnson, a probation officer employed by the DHR and for loss of consortium on the part of the appellant-wife. The complaint was predicated on allegations that Mr. Johnson knew that the juvenile was dangerous to others and was consequently negligent in failing to take him into custody. The DHR denied liability and thereafter moved to dismiss the complaint based on sovereign immunity. By the time that motion was filed, the statute of limitation had run on the personal injury claim, and the appellants accordingly sought an order from the trial court permitting them to amend their complaint to add Johnson as a defendant pursuant to OCGA §§ 9-11-15 and 9-11-21. Following a hearing, the trial court denied this motion and granted the DHR's motion to dismiss the complaint. This appeal followed.

The appellants concede that this action is barred by the doctrine of sovereign immunity without the presence of the employee for whom liability insurance exists. See *Price v. Dept. of Transp.,* 257 Ga. 535 (361 SE2d 146) (1987). Thus, the sole issue before us is whether the trial court erred in refusing to allow the appellants to add Johnson as a party.

"In order for an additional party to be added to an existing suit by amendment pursuant to OCGA § 9-11-15 . . ., leave of court must first be sought and obtained pursuant to OCGA § 9-11-21. [Cits.] Among the factors to be considered by the trial court in determining whether to allow the amendment are whether the new party will be prejudiced thereby and whether the movant has some excuse or justi-

fication for having failed to name and serve the new party previously. [Cits.]" *Aircraft Radio Systems v. Von Schlegell*, 168 Ga. App. 109, 111 (2) (308 SE2d 211) (1983). The party seeking to add a new party has the evidentiary burden to establish lack of prejudice and excusable delay. See *Horne v. Carswell*, 167 Ga. App. 229, 230 (306 SE2d 94) (1983).

In denying the appellants' motion to add Johnson as a party, the trial court stated: "Plaintiffs' complaint identifies William Johnson. Plaintiffs were aware of his involvement, but did not move to add him as a party for over seven months. Plaintiffs have submitted no excuse for having failed to name and serve the proposed new party previously, nor is any apparent from the record." Because no transcript of the hearing on the appellants' motion is included in the record on appeal, "we must assume that the evidence and arguments set forth [at that hearing], in addition to the record before us, were sufficient for the trial court to rule as it did." *Bil-Jax, Inc. v. Scott*, 183 Ga. App. 516 (359 SE2d 362) (1987). Accord *Hall v. Scott, USA, Ltd.*, 198 Ga. App. 197 (1) (400 SE2d 700) (1990). Accordingly, we hold that the appellants' complaint was properly dismissed.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 14, 1992.

*Fletcher Farrington*, for appellants.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Jennifer L. Hackemeyer, Assistant Attorney General*, for appellee.