A95A0940. SWAN v. JOHNSON.
A95A0941. JOHNSON v. ATHENS-CLARKE COUNTY.
(465 SE2d 684)

RUFFIN, Judge.

Annie B. Johnson sued the Unified Government of Athens-Clarke County ("the unified government") and William Swan for the death of her five-year-old son who drowned in a swimming pool owned and operated by the unified government through its recreation department. Swan was employed by the unified government as a lifeguard at the pool, and there is no dispute that he was on duty when Johnson's son drowned. In Case No. A95A0940, Swan appeals the denial of his motion for summary judgment, and in Case No. A95A0941, Johnson appeals the trial court's grant of summary judgment to the unified government on the basis of sovereign immunity.

*Case No. A95A0940*

1. Swan contends the trial court erred in denying his motion for summary judgment because Johnson's amended complaint adding him as a defendant did not relate back to the date of her original complaint; thus, her claim against him was barred by the statute of limitation. We agree.

The record shows that on November 13, 1992, Johnson filed her complaint against the unified government and Lonnie Dickerson, the head of the unified government's recreation department. On February 3, 1993, Johnson identified Swan as one of the lifeguards who had acted in a negligent manner in connection with her son's death. On June 15, 1993, fifteen days before the statute of limitation expired, Johnson moved to add Swan as a defendant pursuant to OCGA §§ 9-

11-15 and 9-11-21. On July 28, 1993, after the expiration of the limitation period, the trial court granted the motion to amend. In its order, the court found that the provisions of OCGA § 9-11-15 (c) had been "substantially met" and that the amendment related back to the date of the original lawsuit.

In *Cobb v. Stephens*, 186 Ga. App. 648 (368 SE2d 341) (1988), however, we recognized the "requirement that there be a *strict* adherence to the *letter* of OCGA § 9-11-15 (c) by the one who would rely upon it as authority for the addition of a new party to an existing action. In *A. H. Robins Co. v. Sullivan*, 136 Ga. App. 533 (221 SE2d 697) (1975), this court held that OCGA § 9-11-15 (c) may authorize the addition of a new party defendant and a relation back as to that new defendant, *but only* if the three elements which are specifically enumerated in that provision have first been satisfied. Those three elements are: (1) That the amendment adding the new defendant arise out of the same facts as the original complaint; (2) That the new defendant had sufficient notice of the action; and, (3) That the new defendant knew or should have known that, but for a mistake concerning his identity as a proper party, the action would have been brought against him." (Emphasis in original.) Id. at 649-650; *Doyle Dickerson Tile Co. v. King*, 210 Ga. App. 326 (436 SE2d 63) (1993). "All three elements must be satisfied to invoke the relation-back provisions of OCGA § 9-11-15 (c). [Cit.]" Id. at 328.

Accordingly, Swan had the burden on summary judgment to demonstrate that at least one of the three requirements of OCGA § 9-11-15 (c) was not satisfied. This he did by filing an affidavit stating that he was not aware he had not been named in the original suit because of a mistake in his identity and that he did not know how any mistake could have been made as to his identity as an actual or potential party to the litigation because Lonnie Dickerson had never been employed as a lifeguard and Swan had never been employed by the unified government in any capacity but a lifeguard. "This shifted the burden to [Johnson] to show the applicability of the relation-back provisions of OCGA § 9-11-15 (c). [Cits.] There is nothing in the record which responds to or contradicts [Swan's] [affidavit]. On the present record, [therefore, Swan has] demonstrated, as a matter of law, that at least one of the three elements of OCGA § 9-11-15 (c) has not been satisfied, and that the relation-back provisions do not apply." Id.

That being the case, Swan was entitled to summary judgment because he was not added to the lawsuit prior to the expiration of the statute of limitation. Id. Consequently, the trial court erred in denying his motion on this issue.

2. Given our holding in Division 1, we need not address Swan's remaining enumeration of error.

*Case No. A95A0941*

In granting summary judgment to the unified government, the trial court ruled that under the 1991 Amendment to the State Constitution, Art. I, Sec. II, Par. IX and the Georgia Tort Claims Act (OCGA §§ 50-21-20 to 50-21-37), counties have not waived their sovereign immunity and will retain immunity until it is waived by an act of the General Assembly.

3. Johnson contends the trial court erred in granting the unified government summary judgment on the basis of sovereign immunity, arguing that the unified government is not entitled to the defense because it is a corporate and political entity which is neither the State nor a department or agency of the State. We disagree.

As a preliminary matter, we do not find it necessary to outline the evolution of sovereign immunity in this state or the General Assembly's intent in passing the 1991 Amendment to the State Constitution and the Georgia Tort Claims Act given the Supreme Court's detailed discussion of these subjects in *Gilbert v. Richardson*, 264 Ga. 744 (452 SE2d 476) (1994). We then turn to the merits of Johnson's argument. The General Assembly has determined that for the purposes of tort liability, "the unified government shall follow the law and rules of tort liability applicable to Counties in Georgia." Ga. L. 1990, p. 3614, § 8-103. In *Richardson*, supra, the Supreme Court held that absent any evidence of a contrary legislative intent, sovereign immunity extends to counties under the 1991 constitutional amendment. That decision also recognized that although the Tort Claims Act waives sovereign immunity for the torts of officers and employees of the State, counties are expressly excluded from the ambit of the waiver. Id. at 747; OCGA § 50-21-22 (5). Because the General Assembly has not waived the immunity of counties, the trial court did not err in ruling that Johnson's claim against the unified government was barred by sovereign immunity. See *Richardson*, supra.

4. Johnson contends the operation of a swimming pool is not a governmental function entitled to the protection of sovereign immunity. This argument was decided adversely to her in *Rainey v. City of East Point*, 173 Ga. App. 893, 894 (328 SE2d 567) (1985).

5. Johnson also contends the exclusion of counties from the definition of the "State" under OCGA § 50-21-22 (5) denies individuals injured by the acts of a county equal protection of the law. This argument has likewise been decided adversely to her. See *Woodard v. Laurens County*, 265 Ga. 404 (1) (456 SE2d 581) (1995).

6. Finally, Johnson contends that the unified government has purchased liability insurance coverage and that it was not the intent of the General Assembly to extend the protection of sovereign immunity to insurance companies. Assuming without deciding that sover-

eign immunity was not meant to protect private, for-profit insurance companies, the remedy in such a situation is found in OCGA § 33-24-51 (b) which provides in part that when a county or any other political subdivision of the state purchases liability insurance, its "governmental immunity shall be waived to the extent of the amount of insurance so purchased." Yet Johnson did not raise OCGA § 33-24-51 below and we cannot evaluate its applicability for the first time on appeal. See *Wayne County v. Herrin*, 210 Ga. App. 747 (4) (437 SE2d 793) (1993). For the foregoing reasons, the trial court did not err in granting the unified government summary judgment.

*Judgment affirmed in Case No. A95A0941 and reversed in Case No. A95A0940. Beasley, C. J., and Pope, P. J., concur.*

DECIDED OCTOBER 11, 1995 —
RECONSIDERATION DENIED DECEMBER 13, 1995 —

*McLeod, Benton, Begnaud & Marshall, Andrew H. Marshall*, for Swan & Athens-Clarke County.

*I. Kenneth Dious, Sherry J. Locklin*, for Johnson.