A99A0698. HARDING v. GODWIN et al.
(518 SE2d 910)

ANDREWS, Judge.

We granted this application for an interlocutory appeal of the trial court's order denying Dr. Susan Harding's motion to dismiss Melanie Godwin's complaint for medical malpractice. For the following reasons, we reverse.

This case arose after Melanie Godwin's husband Nicholas died of

a heart attack approximately half an hour after leaving the emergency room at Brooks County Hospital. Ed Braswell, a paramedic, examined Nicholas Godwin and, according to Melanie Godwin's deposition testimony, told Nicholas that he could wait until tomorrow and see Dr. Harding.

Before they left the hospital, Ms. Godwin, who knew Dr. Harding, saw and called to her, asking Harding to take a look at Nicholas because she was still worried about him. Harding talked to Godwin in the hallway, asking him questions and palpating his chest. Dr. Harding told Godwin to take some antacid and see her or his regular doctor in the morning.

After Nicholas Godwin died of a heart attack shortly after leaving the emergency room, Melanie Godwin filed a complaint against the hospital on September 16, 1997, for wrongful death, pain and suffering, and medical and funeral expenses, alleging that Ed Braswell failed to properly assess her husband's condition and obtain treatment for him. On June 19, 1998, the day before the statute of limitation expired, Godwin filed an amended complaint against Dr. Harding. Godwin did not obtain leave of court before filing the amended complaint.

Harding filed a motion to dismiss on July 15, 1998, claiming Godwin had never obtained leave of court to add her as a party. On August 12, 1998, Godwin filed a motion to add Susan Harding as a party. The court granted Godwin's motion to amend on September 22, 1998. The court also found that although the two-year statute of limitation on Godwin's claims expired on June 20, 1998, her claim against Harding related back and was not time-barred.

When an amended complaint adds a defendant, the party seeking to amend under OCGA § 9-11-15 must seek leave of court as required by OCGA § 9-11-21. *Clover Realty Co. v. Todd*, 237 Ga. 821 (229 SE2d 649) (1976); *Dollar Concrete Constr. Co. v. Watson*, 207 Ga. App. 452 (428 SE2d 379) (1993). Therefore, because the amended complaint in this case was filed without leave of court, it was not effective to add Harding as a defendant. *Clover*, supra; *Dollar Concrete*, supra. Thus, unless Godwin could show that the amended complaint related back to the date of the original pleading, the claim against Harding was time-barred.

OCGA § 9-11-15 (c) provides:

Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original

pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Thus, OCGA § 9-11-15 (c) may authorize the addition of a new party defendant and a relation-back as to that defendant but only if all three of the following elements are satisfied: (1) the amendment adding the new defendant must arise out of the same facts as the original complaint; (2) the new defendant must have sufficient notice of the action; and (3) the new defendant knew or should have known that, but for a mistake concerning his identity as a proper party, that action would have been brought against him. *Cobb v. Stephens*, 186 Ga. App. 648, 649-650 (368 SE2d 341) (1988) (citing *A. H. Robins Co. v. Sullivan*, 136 Ga. App. 533 (221 SE2d 697) (1975)).

"In *Cobb* . . . we recognized the requirement that there be a strict adherence to the letter of OCGA § 9-11-15 (c) by the one who would rely upon it as authority for the addition of a new party to an existing action." *Swan v. Johnson*, 219 Ga. App. 450, 451 (465 SE2d 684) (1995). In *Swan*, as in the case before us, Swan was the party the plaintiff sought to add and, therefore, Swan had the burden as the movant on summary judgment, to show that OCGA § 9-11-15 (c) was inapplicable. Swan did this by filing an affidavit stating that there could have been no mistake as to his identity because he was the only lifeguard on duty the day of the drowning, the occurrence giving rise to the complaint. This shifted the burden back to the plaintiff to show the applicability of the relation-back provisions of OCGA § 9-11-15 (c). Because there was nothing in the record which contradicted Swan's affidavit, Swan had demonstrated as a matter of law that the relation-back provisions of the statute did not apply. Id. at 451.

Similarly, in this case, Harding has pointed out that the plaintiff was present when Harding examined her husband, was privy to all that occurred during that examination, and heard Harding tell Nicholas to go home and take some antacids and rest.

This shifted the burden back to Godwin to show the applicability of the relation-back provisions of OCGA § 9-11-15 (c). The record is clear that Ms. Godwin does not dispute that she was present when Dr. Harding examined her husband. Therefore, Godwin cannot satisfy the requirement that, but for some mistake concerning her identity as a proper party, Harding should have known the action would

have been brought against her. There can be no mistake concerning the doctor's identity, examination or diagnosis when the plaintiff herself was present.

Because Godwin cannot satisfy one of the requirements necessary for the amended complaint to relate back to the date of the original pleading, her claim against Harding is time-barred. The trial court erred in not granting Harding's motion to dismiss.

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JUNE 3, 1999 — CERT. APPLIED FOR.

*Coleman, Talley, Newbern, Kurrie, Preston & Holland, Wade H. Coleman, Edward F. Preston, Clifton G. Spencer,* for appellant.

*Ellerbee Law Firm, O. Wayne Ellerbee, Laurie L. Paterson, Saliba & Moore, George M. Saliba II,* for appellees.