## A04A0099. CRANE v. ALBERTELLI.
(592 SE2d 684)

ELDRIDGE, Judge.

The Superior Court of Cobb County dismissed Eugene Crane's complaint against attorney James Albertelli, alleging legal malpractice and "unlawful interference with prospective economic advantage" arising from Albertelli's representation of Crane's wife, Ruby Crane, and his son, Ricky Crane, in the appeal of three separate cases to the Supreme Court of Georgia. Crane appeals to this Court, claiming error in the dismissal of his complaint. We find no error and affirm.

As best we can ascertain the facts in this pro se appeal with limited transcripts and no citations to the record, Albertelli was retained as counsel to represent Ricky and Ruby Crane in their appeals of the judgments entered in Cobb County Civil Action Nos. 93-23,676: *Hazel Walker v. Ricky Crane and Ruby Crane* (an equitable action); 93-23,842: *Ruby Crane v. Hazel Walker* (a dispossessory action); and 93-24,008: *Kathy Walker Crane v. Ricky Crane and Ruby Crane* (a divorce action). It appears that, at the time Albertelli was retained, Ricky and Ruby Crane had already filed pro se notices of appeal as to each action. Ultimately, the Supreme Court of Georgia dismissed the appeal of the divorce action for failure to timely file an application for appeal pursuant to OCGA § 5-6-35; the judgment on the remaining cases (consolidated for purposes of appeal) was affirmed without opinion pursuant to Supreme Court Rule 59. *Crane v. Walker*, Case Nos. S00A0761 and S00A0763, 2000 Ga. LEXIS 330 (May 1, 2000). *Held*:

Pro se, Crane contends the trial court's improper dismissal of his lawsuit resulted in a violation of his Seventh Amendment and Sixth Amendment constitutional rights because such dismissal "did not let this action proceed to trial" and did not permit "a full and proper hearing with all parties present before appellee's motion to dismiss was granted." We, however, find that dismissal of Crane's claims was proper for the reasons that follow.

1. The law is clear that to make out a case of legal malpractice, a lawyer-client relationship must exist between the plaintiff and the defendant attorney.[1] In that regard, an attorney-client relationship is personal, not vicarious.[2] Here, the record shows that Albertelli's attorney-client relationship was a contractual one with Ricky and

---

[1] *Allen v. Lefkoff, Duncan, Grimes & Dermer*, 265 Ga. 374, 380 (453 SE2d 719) (1995) (Benham, P. J., concurring).

[2] *Zielinski v. Clorox Co.*, 270 Ga. 38, 40-42 (2) (504 SE2d 683) (1998).

Ruby Crane in the prosecution of their appeals.[3] It appears that Albertelli never represented or advised Eugene Crane and owed him no fiduciary duty.[4] No "attorney-client relationship" existed between Albertelli and Eugene Crane simply by virtue of Crane's personal relationship with Albertelli's clients and his personal concern about the outcome of their appeals.[5] Accordingly, "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his . . . claim."[6] And the trial court did not err in dismissing the legal malpractice ground of Crane's complaint.[7]

2. Although mischaracterized as "unlawful interference with prospective economic advantage," Crane's second claim for relief appears to be one of tortious interference with potential business relations. The elements of such offense are: (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of contractual obligations or caused a party or third parties to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct proximately caused damage to the plaintiff.[8]

In this case, Crane apparently bases the instant claim of tortious interference on the fact that (a) Albertelli's prosecution of the appeals on behalf of Crane's wife and son was ultimately unsuccessful, and (b) Crane might have experienced some financial benefit had the appeals been successful. These facts, however, in no way assert or demonstrate improper action or wrongful conduct by Albertelli; that Albertelli acted with the intent to injure; that he caused a party to fail to enter into an anticipated business relationship with Crane; or that Albertelli's conduct damaged Crane. In short, not one of the elements of tortious interference with potential business relations is shown or alleged. Consequently, dismissal is also warranted on this second ground of Crane's complaint, since he would be entitled to no

[3] *Pembroke State Bank v. Warnell*, 266 Ga. 819, 823 (471 SE2d 187) (1996); *McMann v. Mockler*, 233 Ga. App. 279, 282 (503 SE2d 894) (1998). See also Uniform Superior Court Rules 4.2, 4.6.

[4] *Hamilton v. Powell, Goldstein, Frazer &c.*, 167 Ga. App. 411, 412-415 (1) (306 SE2d 340) (1983), aff'd, 252 Ga. 149 (311 SE2d 818) (1984).

[5] *Newberry v. Cotton States Mut. Ins. Co.*, 242 Ga. App. 784, 785 (1) (531 SE2d 362) (2000). See also *Moore v. Harris*, 201 Ga. App. 248, 249-250 (1) (410 SE2d 804) (1991).

[6] (Punctuation and footnote omitted.) *Ianicelli v. McNeely*, 272 Ga. 234, 235 (1) (527 SE2d 189) (2000).

[7] OCGA § 9-11-12 (b) (6).

[8] *Disaster Svcs. v. ERC Partnership*, 228 Ga. App. 739, 740-741 (492 SE2d 526) (1997); *Renden, Inc. v. Liberty Real Estate Ltd. Partnership III*, 213 Ga. App. 333, 334-335 (2) (444 SE2d 814) (1994).

912

relief under any state of facts which could be proved in support of such claim.[9]

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED DECEMBER 22, 2003 — 

Eugene Crane, *pro se.*
James E. Albertelli, pro se.