## A05A0352. DEAN v. HUNT.
(615 SE2d 620)

ADAMS, Judge.

The sole question on appeal in this case is whether the trial court abused its discretion by denying the plaintiff's motion to add a party defendant.

On July 14, 2000, Marion Dean was involved in a three-car collision. He alleged that Joseph L. Hunt was improperly traveling north in a turning lane when he struck a car driven by Duke R. Groover as Groover was pulling out of a parking lot and crossing northbound traffic to turn left, or south, onto the same road. The force of the impact caused Hunt's car to cross the middle line into oncoming traffic where it struck plaintiff Dean's car causing him injuries.

On December 14, 2000, Dean filed suit against only Hunt, although the complaint mentioned Groover by name and described his role in the accident. Hunt answered and asserted that Dean had failed to add an indispensable party and that Groover was in fact responsible for the collision. On February 20, 2001 (and again on March 19), Hunt moved for a stay on account of his having filed a petition in bankruptcy. On July 10, 2002, four days before the running of the applicable statute of limitation but without seeking leave of court, Dean filed an amended complaint naming Groover as a defendant and alleging that he, too, was responsible for Dean's injuries. Dean also filed an acknowledgment of service signed by Groover dated the same day. Twelve days later, Groover filed an answer in which he denied that he was a proper party to the suit because Dean failed to join him as a party by order of the court pursuant to OCGA § 9-11-21. Groover also raised the statute of limitation as a defense.

Over one year later, on September 4, 2003, Groover moved to dismiss Dean's complaint against him for the same reasons. On October 2, Dean replied and sought leave to amend the complaint to add Groover as a party defendant. One month later the automatic stay regarding Hunt was lifted. On August 2, 2004, the trial court granted Groover's motion to dismiss and denied Dean's request to amend. Dean appeals.

The court was faced with two interrelated issues. First, OCGA § 9-11-21 provides that parties may be dropped or added by order of the court "at any stage of the action and on such terms as are just." Then, if a party is added after the running of the statute of limitation, it must be determined whether under OCGA § 9-11-15 (c) the claim against the new party relates back to the date of the original pleading.

The first issue is governed by the trial court's discretion, and a party seeking to add a party must obtain leave of court. *Manning v. Robertson*, 223 Ga. App. 139, 141 (476 SE2d 889) (1996). Factors to be considered include "whether the new party will be prejudiced thereby

and whether the movant has some excuse or justification for having failed to name and serve the new party previously. [Cits.]" *Aircraft Radio Systems v. Von Schlegell*, 168 Ga. App. 109, 111 (2) (308 SE2d 211) (1983).[1] The trial court specifically found that Groover would not be prejudiced in his defense by being added to the action at a late stage because the action had been stayed due to Hunt's bankruptcy. But there is no indication that the court considered whether Dean's delay in naming and serving Groover was excusable. Nevertheless, denial of joinder is an abuse of discretion where delay is the sole reason for denial. *Shiver v. Norfolk-Southern R. Co.*, 220 Ga. App. 483, 484 (469 SE2d 769) (1996). Accordingly, technically speaking, the trial court should have added Groover as a party. But, because Dean did not serve Groover — as a party to the lawsuit — before the running of the statute of limitation, the issue is moot unless the claim against Groover relates back to the time of the original filing.

With regard to that issue, a claim against a newly added party relates back if three criteria are met: the claim arises out of the same facts and circumstances as the original claim, the party to be brought in by amendment has received sufficient notice prior to the running of the statute of limitation of the institution of the action so as to avoid prejudice to his defense on the merits, and that same party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. OCGA § 9-11-15 (c).

The trial court noted that Groover did not contest that the claim against him arose out of the same facts nor that he had received notice of the action. Rather he argued that Dean could not show that he "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." And, therefore, any claim against him would not relate back. The trial court agreed with this reasoning — that no mistake concerning identity was involved — and held that it therefore had no discretion to allow the claim against Groover to relate back. On appeal, Dean urges that the trial court misplaced the burden. We disagree.

The proposed new defendant has the initial burden to show that OCGA § 9-11-15 (c) is inapplicable, following which the burden shifts back to the plaintiff to show that OCGA § 9-11-15 (c) is applicable. *Harding v. Godwin*, 238 Ga. App. 432, 434 (518 SE2d 910) (1999); *Swan v. Johnson*, 219 Ga. App. 450, 451 (465 SE2d 684) (1995); *American Transport v. Thompson*, 218 Ga. App. 54, 55-56 (460 SE2d

---

[1] The party seeking to add a new party has the burden of persuasion on these issues. *Sargent v. Dept. of Human Resources*, 202 Ga. App. 874, 875 (415 SE2d 918) (1992).

298) (1995). In its order, the trial court stated that Dean "failed to meet all of the criteria [of OCGA § 9-11-15 (c)], as he must if relation back is to occur. . . ." Thus it is not clear that the trial court applied the wrong burden.

In this case, the plaintiff's own complaint identified Groover as a possible defendant. This alone satisfied Groover's initial burden of showing that there was no mistake concerning identity because the opposite party may rely upon factual admissions made in the other party's pleadings so long as they remain in his pleadings, and no further proof thereof is needed. *Martin v. Pierce*, 140 Ga. App. 897, 899 (232 SE2d 170) (1977). Dean failed to offer anything to contradict his own pleadings. Accordingly, the trial court did not apply the wrong burden, and we find no error.

*Bil-Jax v. Scott*, 183 Ga. App. 516 (359 SE2d 362) (1987), upon which Dean relies, is not controlling. A decision finding no abuse of discretion in adding a party under certain facts is not necessarily binding on whether another court abused its discretion by not adding a party under the same facts. Such is the nature of a court's discretion. Second, like in *Bil-Jax*, a hearing was held on this issue in this case, yet no transcript has been produced. Accordingly, "we must assume that the evidence and arguments set forth, in addition to the record before us, were sufficient for the trial court to rule as it did." Id. at 516.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED JUNE 7, 2005.

*Althea L. Buafo, Bernadette C. Crucilla*, for appellant.
*Groover & Childs, Craig M. Childs, William H. Noland*, for appellee.