A06A0133. CRANE v. STATE FARM INSURANCE COMPANY.
(629 SE2d 424)

MIKELL, Judge.

Acting pro se, Eugene Crane sued State Farm Insurance Company ("State Farm") in Forsyth County for personal injuries arising from an automobile collision with its insured David Wardrup. The trial court granted State Farm's motion to dismiss, finding that Crane could not bring a direct action against State Farm. The trial court later denied Crane's motion to add Wardrup and granted Wardrup's motion to dismiss, finding that Wardrup was a resident of Fulton County and that the two-year statute of limitation had expired. Crane appeals the trial court's orders, contending that he was deprived of his right to a jury trial and access to the courts in violation of the Seventh Amendment of the federal constitution and Article I, Section I, Paragraph XII of the 1983 Georgia Constitution.[1] Finding no error, we affirm.

The record shows that Crane was involved in a car accident with Wardrup on January 2, 2003. Crane filed suit against State Farm on August 20, 2004, alleging that State Farm was liable for Wardrup's negligence. In the complaint, Crane asserts five times that the collision was caused by Wardrup's negligence. State Farm filed a motion to dismiss on January 7, 2005. On January 11, 2005, nine days after the expiration of the two-year statute of limitation, Crane filed an amendment to complaint, adding Wardrup as a defendant, and listing a Fulton County address. Crane did not obtain leave of court before filing the amended complaint. On January 14, 2005, Wardrup filed a special appearance and answer. Following a hearing on May 5,

---

[1] This is not the first time Crane has filed a pro se lawsuit and then appealed a lower court's ruling, contending he was deprived of his constitutional rights. See *Crane v. Poteat*, 275 Ga. App. 669 (621 SE2d 501) (2005); *Crane v. Cheeley*, 270 Ga. App. 126 (605 SE2d 824) (2004); *Crane v. Darnell*, 268 Ga. App. 311 (601 SE2d 726) (2004); *Crane v. Samples*, 267 Ga. App. 895 (600 SE2d 624) (2004); *Crane v. Albertelli*, 264 Ga. App. 910 (592 SE2d 684) (2003).

2005, the trial court granted State Farm's motion to dismiss. A written order was filed on May 31, 2005. On June 6, 2005, Wardrup filed a motion to dismiss. On July 21, 2005, Crane filed a request to add party to complaint, seeking to add Wardrup and again alleging a Fulton County address. On August 3, 2005, the trial court denied Crane's motion to amend/add and granted Wardrup's motion to dismiss.

1. Under *Haezebrouck v. State Farm &c. Ins. Co.,*[2] the trial court was correct in dismissing the complaint against State Farm. In *Haezebrouck,* the plaintiff sued State Farm Mutual Automobile Insurance Company and its insured for damages sustained during an automobile collision with the insured. The plaintiff argued that he was a third-party beneficiary of the insurance contract between State Farm and its insured. We affirmed the trial court's dismissal of the complaint against State Farm, finding that, "where there is no privity of contract, a party may not bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy."[3] None of the exceptions apply in this case. Thus, in accord with *Haezebrouck,* we affirm the dismissal of Crane's complaint against State Farm.

2. Similarly, the trial court was correct in denying Crane's motion to amend/add a defendant, and in granting Wardrup's motion to dismiss.

"When an amended complaint adds a defendant, the party seeking to amend under OCGA § 9-11-15 must seek leave of court as required by OCGA § 9-11-21."[4] Because Crane did not seek leave of court before filing the amended complaint, it was not effective to add Wardrup as a defendant. "Thus, unless [Crane] could show that the amended complaint related back to the date of the original pleading, [Crane's] claim against [Wardrup] was time-barred."[5]

Pursuant to OCGA § 9-11-15 (c), a claim against a newly added party relates back if three elements are met: the claim arises out of the same facts and circumstances as the original claim; the new party has received sufficient notice prior to the running of the statute of limitation of the institution of the action so as to avoid prejudice to his defense on the merits; and the new party knew or should have known that, but for a mistake concerning the identity of the proper party, the

---

[2] 252 Ga. App. 248 (555 SE2d 764) (2001).

[3] (Citation, punctuation and footnote omitted.) Id. at 248 (1).

[4] (Citations omitted.) *Harding v. Godwin,* 238 Ga. App. 432, 433 (518 SE2d 910) (1999).

[5] Id. See OCGA § 9-3-33.

action would have been brought against him.[6] Wardrup had the burden of showing that OCGA § 9-11-15 (c) was inapplicable.[7] In the case at bar, as in *Dean*, Crane's own complaint described Wardrup's role in the accident and specifically identified him as the negligent party.[8] "This alone satisfied [Wardrup's] initial burden of showing that there was no mistake concerning identity because the opposite party may rely upon factual admissions made in the other party's pleadings so long as they remain in his pleadings, and no further proof thereof is needed."[9] As Crane failed to contradict this admission, the trial court did not err in denying his motion to amend/add and in granting Wardrup's motion to dismiss.

3. In light of our holding in Division 2, we need not address the alternative ground on which the trial court denied Crane's motion.

4. Since we have decided that the trial court correctly dismissed the complaint and amended complaint, Crane's constitutional claims are meritless.[10]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 9, 2006 —
RECONSIDERATION DENIED APRIL 5, 2006 — 

Eugene Crane, *pro se.*
*Cooper & Makarenko, Gary M. Cooper*, for appellee.

[6] *Dean v. Hunt*, 273 Ga. App. 552, 553 (615 SE2d 620) (2005). See also *Swan v. Johnson*, 219 Ga. App. 450, 451 (1) (465 SE2d 684) (1995).

[7] *Dean*, supra, citing *Harding*, supra at 434; *Swan*, supra.

[8] See *Dean*, supra at 554. See also *Harding*, supra at 434-435 (in wrongful death action, no mistake concerning identity of doctor sought to be added when plaintiff herself was present during examination of her deceased husband).

[9] (Citation omitted.) *Dean*, supra.

[10] See, e.g., *Brooks v. Barry*, 223 Ga. App. 648, 649 (3) (478 SE2d 616) (1996); *Crane v. Albertelli*, supra.