A07A0243. STEED v. WELLINGTON HEALTHCARE SERVICES, LLC.
(646 SE2d 517)

RUFFIN, Judge.

Annie Steed filed suit against Wellington Healthcare Services, LLC d/b/a Westminster Commons ("Wellington") after her mother, Littie Vera Leonard, died while a resident of Westminster Commons nursing home. The trial court denied Steed's motion for leave to add a defendant and granted Wellington's motion for summary judgment. Steed appeals and, for reasons that follow, we affirm.

1. Initially we note that Steed has failed to properly cite to the record as required by Georgia Court of Appeals Rule 25 (c) (3) (iii). Rather than referring to the record "by specific volume or part of the record and by (R-Page Number of the Record)," Steed has allegedly cited the Fulton County civil docket number for each document referenced. These docket numbers, however, do not correspond with the index provided by the Fulton County Superior Court. "We caution

---

[6] *Robertson v. State*, 280 Ga. 885, 886 (635 SE2d 138) (2006).

[7] *Wilkerson*, supra.

counsel that future violations of this rule may result in sanctions, up to and including contempt."[1]

2. Steed contends the trial court erred in denying her motion for leave to add Facility Investments, LLC as a defendant after the expiration of the statute of limitation. We review a trial court's decision to permit a party to be added to a lawsuit under an abuse of discretion standard.[2] OCGA § 9-11-15 (c) governs whether an attempt to add a new defendant after the statute of limitation expires "relates back to the commencement of the action and can be considered timely."[3] The addition of a new defendant relates back if the following conditions are satisfied:

> (1) the amendment adding the new defendant arose out of the same facts as the original complaint; (2) the new defendant had sufficient notice of the action that [it] will not be prejudiced in maintaining [its] defense on the merits; and (3) the new defendant knew or should have known that but for a mistake concerning [its] identity as a proper party, the action would have been brought against [it].[4]

Leonard died on October 14, 2003. Steed filed suit against Wellington on April 12, 2005, alleging that nursing home staff withheld medical care and assistance from Leonard because her chart had been incorrectly marked "Do Not Resuscitate." Steed's counsel admits that he first learned of Facility Investments's "possible involvement or identity" on May 6, 2005. In its answer, filed May 17, 2005, Wellington stated: "Westminster Commons is not a corporation; however, Facility Investments, LLC is the limited liability company which does business under the name Westminster Commons." It further stated that Venetta Thomas, the nursing home employee who admitted Leonard to the nursing home and discussed "Do Not Resuscitate" advanced directives with Steed, "was an employee of Facility Investments, LLC."

On June 20, 2005, Steed filed her first amended complaint, which again listed Wellington as the defendant in the caption but in the first paragraph named the defendant as "Facility Investments, LLC d/b/a Westminster Commons." Facility Investments was apparently never served with this complaint. The statute of limitation on Steed's claim expired on October 14, 2005.[5] Steed did not move to add Facility

---

[1] *Migmar, Inc. v. Williams*, 281 Ga. App. 870, 871 (1) (637 SE2d 471) (2006).

[2] See *Parks v. Hyundai Motor America*, 258 Ga. App. 876, 880 (3) (575 SE2d 673) (2002).

[3] (Punctuation omitted.) Id. at 881.

[4] (Punctuation omitted.) Id.

[5] See OCGA § 9-3-33 (two-year statute of limitation for personal injury action).

Investments as a defendant until November 7, 2005. The trial court denied Steed's motion, holding that her failure to add Facility Investments as a defendant prior to the expiration of the statute of limitation was not the result of a mistake about its identity, and that OCGA § 9-11-15 (c) was therefore inapplicable.

Under these circumstances, where Steed identified Facility Investments in its own amended complaint as a negligent party nearly four months before the expiration of the statute of limitation, Facility Investments has met its burden to show that there was no mistake concerning its identity and that OCGA § 9-11-15 (c) is inapplicable.[6] We are unpersuaded by Steed's argument that mistake has been shown because she was unaware of Facility Investments's identity at the time she filed her *original* complaint.[7] Likewise, Steed's contention that Wellington and Facility Investments were "the source of confusion" is unavailing. Wellington clearly stated in its answer that Facility Investments was the proper party to the suit as the operator of Westminster Commons and Thomas's employer. Any confusion caused by what plaintiff admits were "pre-suit communications" with counsel was resolved by the answer. Because there was no mistake as to Facility Investments's identity and Steed sought to add it as a defendant only after the expiration of the statute of limitation, the trial court did not abuse its discretion in denying the motion to add a party.[8]

3. Steed next argues that the trial court erred in granting Wellington's motion for summary judgment while her motion to compel discovery was pending. Generally, a trial court should not rule on a motion for summary judgment while a motion to compel discovery is pending, "unless it can be determined that the disallowed discovery would add nothing of substance to the party's claim."[9]

Wellington moved for summary judgment on October 31, 2005, arguing Steed had shown no evidence that it was a proper party to the lawsuit. Steed moved to compel discovery on January 24, 2006. At a hearing on April 28, 2006, Steed requested that the trial court rule on

---

[6] See *Dean v. Hunt*, 273 Ga. App. 552, 553 (615 SE2d 620) (2005); *Crane v. State Farm Ins. Co.*, 278 Ga. App. 655, 657 (2) (629 SE2d 424) (2006).

[7] The case cited by Steed, *Shiver v. Norfolk-Southern R. Co.*, 220 Ga. App. 483 (469 SE2d 769) (1996), does not stand for the proposition that mistake is determined by the plaintiff's knowledge of the proper party's identity at the time of filing the original complaint. And it is distinguishable from the present case because the plaintiff actually served the proper party before the expiration of the statute of limitation, although he did not file a motion to add the party until after the expiration of the statute. See id. at 484.

[8] See *Deleo v. Mid-Towne Home Infusion*, 244 Ga. App. 683, 684 (536 SE2d 569) (2000); *Dean*, supra; *Crane*, supra.

[9] (Punctuation omitted.) *Covington Square Assoc. v. Ingles Markets*, 283 Ga. App. 307, 312 (3) (641 SE2d 266) (2007).

the motion to compel before deciding the motion for summary judgment.[10] The trial court did not do so.

Wellington responded to Steed's discovery and provided some documents, but not its tax returns for the years 2000 through 2004. Steed asserts that the discovery she seeks, specifically Wellington's tax returns, is relevant to the issue of Wellington's degree of control over Westminster Commons and her contention that Facility Investments is "a mere instrumentality of Wellington." However, Steed does not allege in either the original complaint or the amended complaint that Wellington should be liable under the theory of piercing the corporate veil; she has instead framed her claims against Wellington as ones for direct liability.[11] Under these circumstances, we fail to see how evidence that Facility Investments is an alter ego of Wellington would change the outcome of the summary judgment ruling.[12] Thus, it appears that the discovery Steed seeks adds nothing of substance to her claims.[13] Accordingly, the trial court did not err in ruling on the motion for summary judgment before Steed's discovery issues were resolved.[14]

4. Steed asserts that the trial court erred in granting Wellington's motion for summary judgment because there was evidence that Wellington "played a role in the operation of the Westminster Commons nursing home." But the direct evidence in the record shows that Facility Investments — not Wellington — is the operator of Westminster Commons and Thomas's employer. Steed's only challenge to that evidence is to now argue that Facility Investments is an alter ego of Wellington. As discussed in Division 3, Steed has not asserted a claim for piercing the corporate veil in either of her complaints. Accordingly, the trial court properly granted Wellington's motion for summary judgment.[15]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED MAY 18, 2007 — ▮▮▮▮▮▮

*Miles, McGoff & Moore, Dylan E. Wilbanks, Larry A. Pankey*, for appellant.

---

[10] See *Parks,* supra at 877-878 (1) (request for delay in summary judgment ruling until discovery issues resolved sufficient to preserve issue for appeal).

[11] See *Rasheed v. Klopp Enterprises,* 276 Ga. App. 91, 95 (2), n. 4 (622 SE2d 442) (2005) (corporate veil may be pierced when "stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs").

[12] See *Tuck v. Marriott Corp.,* 187 Ga. App. 567, 569 (2) (370 SE2d 795) (1988).

[13] See *Bellamy v. Resolution Trust Corp.,* 266 Ga. 630, 632 (2) (469 SE2d 182) (1996).

[14] See id.

[15] See *Rasheed,* supra at 95-96 (2).

450

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Carol P. Michel, Rachel A. Fuerst,* for appellee.