**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 14, 2025**

# In the Court of Appeals of Georgia

A24A1462. WATTS v. JOSEPH.

PIPKIN, Judge.

We granted the application for interlocutory appeal filed by Appellant Tyler Watts to review the denial of his motion for summary judgment in this personal injury action brought by Appellee Michael Antonio Joseph. As more fully discussed below, we agree with Watts that the trial court erroneously denied his motion, and, consequently, we reverse the judgment of the trial court.

We begin with our familiar standard that "[w]e review the denial or grant of summary judgment de novo to determine whether there exists a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *McManus v. Taylor*, 326

Ga. App. 477, 478 (756 SE2d 709) (2014). With this standard in mind, we now turn to the record before us. Joseph was involved in a multi-vehicle collision on February 2, 2018; one of the other vehicles involved in the collision was owned by David Scott Cregger. On August 6, 2019, Joseph filed suit against Cregger. Cregger, however, subsequently averred that he was in no way involved in the accident, and, pointing to the relevant accident report showing that his vehicle was actually being driven by Watts, moved for summary judgment. On October 30, 2020, Joseph moved the trial court for leave to amend his complaint to add Watts as a defendant; the trial court granted Joseph's motion, and Watts was served with the amended complaint on February 1, 2022.

Watts answered and moved to dismiss or, in the alternative, for a summary judgment, asserting in both filings that Joseph's claims against him were barred by the relevant statute of limitation. In an affidavit that accompanied his filings, Watts admitted operating Cregger's vehicle at the time of the collision and explained that, at the time of the incident, he had been in a relationship with Cregger's daughter. According to Watts' affidavit, his relationship with Cregger's daughter ended shortly after the accident, and, since the date of the accident, he has graduated from college

and moved residences twice. Watts averred that, other than receiving an October 2018 letter ("the October 2018 letter") from Cregger's insurance company informing him that a claim had been made and that an investigation was underway, he had no knowledge of Joseph's subsequent personal injury action until he was contacted by an attorney in December 2021. Finally, Watts' affidavit acknowledges the existence of a November 2019 letter ("the November 2019 letter") to Cregger from his insurer that informed Cregger of Joseph's lawsuit. The November 2019 letter apparently reflects that a carbon copy was sent to Watts, but Watts denied ever receiving such a letter, explaining that he never communicated his changes of address to Cregger's insurer.[1]

Watts argued in support of his motion to dismiss or, in the alternative, for summary judgment, that the relevant statute of limitation expired in February 2020 -- nearly 8 months before Joseph moved to amend his complaint -- and that Joseph could not demonstrate that the claims against Watts related back to date of the filing of the original complaint. Specifically, Watts asserted that there was simply no evidence that he had notice of Joseph's action before the expiration of the statute of limitation.

_____

[1] Neither the October 2018 letter nor the November 2019 letter are included in the record transmitted to this Court.

Joseph disagreed with Watts' position, asserting that the November 2019 letter was sufficient to establish that Watts had notice of the lawsuit and, consequently, that his claim against Watts related back to the date of the filing of the original complaint. Following a hearing,[2] the trial court denied Watts' motion. While the trial court recognized that the record "does not include any evidence reflecting that prior to the expiration of the statute of limitations . . . [Watts] had actual knowledge of [Joseph] having filed the original complaint," the trial court reasoned that the October 2018 letter "provide[d] [Watts] with sufficient notice of [Joseph's] litigation" and that "Watts should have known that but for a mistake in identifying him as the proper party, [Joseph's] original action would have been brought against him." Following the trial court's ruling, Watts secured an order for immediate review, and this Court granted his subsequent application for interlocutory appeal; Watts thereafter filed a timely notice of appeal.

In his sole enumeration of error, Watts asserts that the trial court erred in denying his motion to dismiss, or in the alternative, motion for summary judgment, after concluding that the October 2018 letter was sufficient notice of Joseph's suit to

_____

[2] There is no indication that this hearing was taken down.

allow the amended complaint to relate back to the date of the filing of the original complaint. We agree.

There seems to be no dispute that the statute of limitation on Joseph's personal injury claims expired in February 2020, see OCGA § 9-3-33. While Joseph's original complaint was filed *before* this date, Watts was not added as a defendant until much later. As we have explained before,

> [w]here a new party defendant is added by amendment to a pending complaint after the expiration of the applicable statute of limitation, the claim against the added defendant is barred by the expired limitation period unless all the provisions in OCGA § 9–11–15 (c) are satisfied for relation back of the added defendant to the date of the original complaint.

*Wallick v. Lamb*, 289 Ga. App. 25, 26 (656 SE2d 164) (2007). Turning to OCGA § 9-11-15 (c), that statute provides, in relevant part, as follows:

> An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Thus, in accordance with the plain language of the statute

a claim against a newly added party relates back if three elements are met: [1] the claim arises out of the same facts and circumstances as the original claim; [2] the new party has received sufficient notice prior to the running of the statute of limitation of the institution of the action so as to avoid prejudice to his defense on the merits; and [3] the new party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

*Crane v. State Farm Ins. Co.*, 278 Ga. App. 655, 656-657 (2) (629 SE2d 424) (2006).

"The proposed new defendant has the initial burden to show that OCGA § 9–11–15 (c) is inapplicable, following which the burden shifts back to the plaintiff to show that OCGA § 9–11–15 (c) is applicable." *Dean v. Hunt*, 273 Ga. App. 552, 553 (615 SE2d 620) (2005). We have routinely "recognized the requirement that there be a strict adherence to the letter of OCGA § 9-11-15 (c) by the one who would rely upon it as authority for the addition of a new party to an existing action." *Swan v. Johnson*, 219 Ga. App. 450, 451 (1) (465 SE2d 684) (1995) (citation and punctuation omitted).

At issue here are the second and third requirements, but we need only consider the second requirement, namely, whether Watts had "notice" of the lawsuit before the expiration of the relevant statute of limitation. Here, the trial court expressly determined that there was no evidence that Watts had "actual knowledge" of

Joseph's personal injury action, and the record supports such a conclusion.[3] Despite this determination, the trial court nevertheless concluded that the October 2018 letter was "sufficient notice of [Joseph's] litigation." This conclusion, however, is both factually and legally erroneous.

As a factual matter, the October 2018 letter could not have provided notice of the litigation because that correspondence plainly pre-dates the August 2019 filing of Joseph's action. Legally speaking, the October 2018 letter merely appraised Watts that a claim had been made to Cregger's insurer and that the accident was being investigated; this mere notice of investigation was insufficient to satisfy OCGA § 9-11-15 (c). See *St. Francis Health v. Wong*, 354 Ga. App. 310, 313 (840 SE2d 712) (2020). Instead, "[b]y the plain wording of the statute, the required notice is notice of the

---

[3] Joseph argues on appeal that Watts had "informal" notice of the action because Watts and Cregger carry the same liability carrier. In support of this position, Joseph relies on *Rasheed v. Klopp Enterprises*, 276 Ga. App. 91 (622 SE2d 442) (2005), and *Rich's v. Snyder*, 134 Ga. App. 889 (216 SE2d 648) (1975), but these relation-back cases involve an improperly named corporate defendant that shared the same or similar name, executives, and registered agent as the proper corporate defendant. See *Rasheed*, 276 Ga. App. at 93 (1); *Rich's*, 134 Ga. App. at 890-892 (1). Joseph points to no evidence that Watts and his insurance carrier were similarly "intertwined," and he points to no law suggesting that Watts, as an insured, is imputed with the knowledge of his insurer.

institution *of the action*." (Citation omitted; emphasis supplied.) *Exel Transp. Svcs. v. Sigma Vita*, 288 Ga. App. 527, 531 (b) (654 SE2d 665) (2007).

In short, given the lack of evidence that Watts had knowledge of Joseph's lawsuit before the limitation period expired, "the trial court abused its discretion in allowing [Joseph] to amend [his] complaint to add [Watts] as a party-defendant and in denying [Watt's] motion[.]" *St. Francis Health*, 354 Ga. App. at 313. Accordingly, the judgment of the trial court is reversed.

*Judgment reversed. Barnes, P. J., and Gobeil, J., concur.*