A00A0469. DELEO et al. v. MID-TOWNE HOME INFUSION, INC.
(536 SE2d 569)

MILLER, Judge.

Less than a week before the expiration of the statute of limitation for medical malpractice, Wendy A. Deleo and Dominick R. Deleo brought claims for medical malpractice and loss of consortium, respectively, against Philip S. Brachman, M.D. and Mid-Towne Home Infusion, Inc. ("Mid-Towne"). More than a year and a half later, the Deleos filed a motion to add two other defendants, Joseph Chapman and Anthony Cornelius. Chapman and Cornelius, both registered nurses, were the Mid-Towne employees who had allegedly provided negligent care to Wendy Deleo. The trial court refused to allow Chapman and Cornelius to be added to the suit and denied the Deleos' motion. Reconsideration of the same motion was subsequently denied.[1] The lawsuit proceeded to trial and resulted in a defense verdict for Dr. Brachman but a judgment against Mid-Towne for $175,000. In this appeal, the Deleos assert that the trial court abused its discretion in refusing to permit them to add these defendants. After reviewing the record, we find otherwise and affirm.

The underlying medical malpractice case arose after Wendy Deleo had hip revision surgery in August 1994 and developed an infection. Dr. Brachman, an infectious disease consultant, recommended an aggressive intravenous antibiotic regimen to treat the infection. To continue the regimen after her release from the hospital, Mid-Towne provided in-home nursing care to deliver medication and to monitor her for adverse reactions. Deleo complained to Cornelius about excessive dizziness, a symptom suggesting possible ototoxicity, indicative of gentamicin poisoning. As a result of the ototoxicity, Wendy Deleo suffered irreversible damage to her inner ear, causing permanent vertigo.

In this appeal, the Deleos contend that the trial court abused its

---

[1] The Deleos sought reconsideration on the basis of "excusable neglect," claiming the "possible impairment" of their former counsel.

discretion in denying their motion to add parties and in denying their motion for reconsideration. They claim that the parties sought to be added were on notice of the lawsuit within the applicable statute of limitation, would not be prejudiced in their defense on the merits, and knew or should have known that they should have been named as parties. They emphasize that Chapman and Cornelius were both officers of Mid-Towne during the period of Wendy Deleo's medical treatment and both were deposed pursuant to the Deleos' lawsuit. They point out that at the time of Mid-Towne's negligence, Chapman was president of Mid-Towne and Cornelius was secretary. They argue that the trial court erred in denying permission to proceed against Chapman and Cornelius, who had individual liability insurance policies.[2]

OCGA § 9-11-15 (a) permits pleadings to be amended at any time before the entry of a pretrial order. OCGA § 9-11-21 allows parties to be dropped or added by order of the court on motion of any party. But the determination of whether a party should be added to a lawsuit lies within the discretion of the trial court, and that determination will not be disturbed on appeal absent a showing of abuse.[3] Here, none has been shown.

Although OCGA § 9-11-15 (c) authorizes the addition of a new party defendant and the relation back of claims as to that new defendant, three conditions must be met: (1) the amendment adding the new defendant arose out of the same facts as the original complaint; (2) the new defendant had sufficient notice of the action; and (3) the new defendant knew or should have known that but for a mistake concerning his identity as a proper party, the action would have been brought against him.[4] All three elements must be satisfied to invoke the relation-back provisions of OCGA § 9-11-15 (c).[5]

In this case, the Deleos cannot satisfy all three conditions. While the amended claims against Chapman and Cornelius doubtlessly arose out of the same facts as the original complaint, the second and third elements are problematic. Pretermitting any analysis of the second element, the Deleos have offered absolutely no evidence to support the third condition. No evidence shows that they were mis-

---

[2] In his deposition of November 25, 1997, Cornelius explicitly testified that Mid-Towne was not insured but that he personally had insurance. Cornelius also testified, "I'm still running this company until we close it down." Thus, the Deleos were apprised of both the precarious future of Mid-Towne and the insurance situation months before the filing of the motion to add parties.

[3] *Benschoter v. Shapiro*, 197 Ga. App. 357, 358 (398 SE2d 399) (1990); *Cartin v. Boles*, 155 Ga. App. 248, 254 (5) (270 SE2d 799) (1980); see OCGA §§ 9-11-15 (a); 9-11-21.

[4] *Harper v. Mayor &c. of Savannah*, 190 Ga. App. 637, 638 (1) (380 SE2d 78) (1989).

[5] *Doyle Dickerson Tile Co. v. King*, 210 Ga. App. 326, 327-328 (436 SE2d 63) (1993); *A. H. Robins Co. v. Sullivan*, 136 Ga. App. 533, 534-535 (221 SE2d 697) (1975).

taken about the defendants' identity. On the contrary, the malpractice affidavit that the Deleos filed contemporaneously with the complaint in September 1996 specifically mentions "Mr. Tony Cornelius, R.N." or "Mr. Cornelius" at least six times and also refers to "Joseph F. Chaspern [actually Chapman]" as a "visiting nurse" from Mid-Towne. The affidavit of their own expert is replete with references to the alleged negligent acts and omissions of Cornelius and possibly Chapman. Thus, plainly, the Deleos were well aware of the identity of Chapman and Cornelius as of September 1996 when they filed the malpractice action. As a matter of law, there could be no mistake concerning the nurses' identity since Wendy Deleo was present and fully aware of the nursing services she obtained from Chapman and Cornelius.[6]

Because no mistake as to identity has been demonstrated and since neither Chapman nor Cornelius was added prior to the expiration of the statute of limitation for malpractice, the trial court did not abuse its discretion in denying the motion to add parties or in denying reconsideration of that motion.[7]

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED JUNE 29, 2000 ▬▬▬▬

*Schulten, Ward & Turner, Kevin L. Ward, David L. Turner, Lea B. Kirschner*, for appellants.

*Ballard, Still & Ayres, William L. Ballard*, for appellee.

---

[6] *Harding v. Godwin*, 238 Ga. App. 432, 434-435 (518 SE2d 910) (1999).

[7] *Speer, Inc. v. Manis*, 164 Ga. App. 460, 461 (297 SE2d 374) (1982); see OCGA § 9-3-71. However, the statute of limitation for Dominick Deleo's loss of consortium claim had not yet expired when the Deleos attempted to amend their complaint and moved to add the new defendants. See *Finch v. Weaver*, 213 Ga. App. 514, 516 (2) (445 SE2d 289) (1994); *Babb v. Cook*, 203 Ga. App. 437, 438 (1) (417 SE2d 63) (1992). But that issue was neither raised nor argued below and therefore was not preserved for appeal. *Gusky v. Candler Gen. Hosp.*, 202 Ga. App. 837 (2) (415 SE2d 541) (1992).