A03A1653. M.J.E.S. ENTERPRISES, LTD. et al. v. MARTIN.
(595 SE2d 367)

MILLER, Judge.

M.J.E.S. Enterprises, Ltd. and Marge Smith appeal from the trial court's order denying their motion to vacate an order adding them as defendants to a personal injury lawsuit. Anita Martin originally filed the personal injury lawsuit against Ronald O'Neal, a former employee of Smith and M.J.E.S., and later attempted to add Smith and M.J.E.S. as defendants after the statute of limitation on her underlying claim had expired. Since there was no evidence of fraud tolling the statute of limitation, and the requirements for adding a party outside of the statute of limitation period could not be

met, the trial court erred in adding Smith and M.J.E.S. as parties. We therefore reverse.

The record reveals that Martin was involved in a car accident with O'Neal on June 28, 1997. At the time of the accident, O'Neal was an employee of M.J.E.S., but he lost his job two months later for reasons unrelated to the car accident. Over a year later on September 8, 1998, Martin filed a personal injury lawsuit against O'Neal. During discovery, Martin sent interrogatories to O'Neal, one of which asked: "Please indicate whether this Defendant's use of the vehicle [at the time of the accident] was in the course of, and/or within the scope of employment, and/or within the business purpose of any other party and if so please explain such employment or business use." O'Neal responded "Not applicable" to the interrogatory.

Martin deposed O'Neal on October 26, 1999, and in this deposition O'Neal stated for the first time that at the time of the accident, he had been on his way to a bank to deposit money for his employer, M.J.E.S. O'Neal was driving his own personal vehicle and was making the deposit outside of the regular business hours.

Martin amended her complaint on December 28, 1999, and included M.J.E.S. and its owner, Smith, as named parties, without filing any motion requesting leave of court to add these parties to the case. See OCGA §§ 9-11-15 (c); 9-11-21. Smith and M.J.E.S. were served with Martin's complaint and amended complaint on January 4, 2000, and it is undisputed that this was their first notice of the cause of action that Martin had filed against O'Neal.

A year later, Martin filed a motion to add Smith and M.J.E.S. as parties. Smith and M.J.E.S. opposed Martin's motion, but the court granted Martin's motion on January 23, 2001. The court entered the order nunc pro tunc to December 28, 1999, to give the effect of M.J.E.S. and Smith having been added to the case as of the date of Martin's amended complaint.

Smith and M.J.E.S. moved for the court to vacate its January 23 order, and O'Neal submitted an affidavit stating that he did not understand (nor did he discuss with his attorney) at the time that he answered Martin's interrogatories that he could have been acting within the scope of his employment while using his personal vehicle. The court denied the motion, reasoning that the statute of limitation was tolled due to O'Neal having committed fraud involving a crime of moral turpitude (perjury), which prevented Martin from adding Smith and M.J.E.S. as parties before the statute of limitation expired. The court granted Smith and M.J.E.S. a certificate of immediate review, and we have allowed them to appeal.

Smith and M.J.E.S. contend that the trial court abused its discretion (see *Deleo v. Mid-Towne Home Infusion*, 244 Ga. App. 683-684 (536 SE2d 569) (2000)) in adding them to Martin's lawsuit after the

statute of limitation had expired, and should have therefore vacated its order adding them as parties. We agree for two reasons: (1) the trial court clearly erred in concluding that the statute of limitation was tolled by fraud, and (2) the requirements for adding parties to a case after the statute of limitation has expired could not be met.

The statute of limitation on Martin's personal injury lawsuit was two years. OCGA § 9-3-33. If the defendant is "guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." OCGA § 9-3-96. The alleged fraud that would toll the statute of limitation must involve moral turpitude, which the plaintiff has the burden of establishing. *Bates v. Metro. Transit System*, 128 Ga. App. 720, 721 (1) (197 SE2d 781) (1973).

Here, there was no evidence of fraud that would toll the statute of limitation. There was no evidence that O'Neal intentionally provided an incorrect answer to the interrogatory; nor was there any evidence that O'Neal somehow conspired with M.J.E.S. and Smith to prevent Martin from adding them as parties. See OCGA § 16-10-70 (a) (person must knowingly and wilfully make false statement under oath to commit perjury). To the contrary, O'Neal lost his job with M.J.E.S. (for reasons unrelated to the accident) over a year before Martin filed the lawsuit against him, and it is undisputed that Smith and M.J.E.S. were not even aware that any lawsuit had been filed until they were served with such lawsuit in January 2000 — well after O'Neal had responded to the interrogatories and had been deposed. There was no evidence that Smith, M.J.E.S., or O'Neal engaged in any fraud involving moral turpitude that could toll the statute of limitation. The trial court therefore clearly erred in concluding that the statute of limitation had been tolled by fraud.

"When a party attempts to add a new party defendant after the statute of limitation expires, the provisions of OCGA § 9-11-15 (c) apply to determine whether or not the addition of the party relates back to the commencement of the action and can be considered timely." (Citation and punctuation omitted.) *Parks v. Hyundai Motor America*, 258 Ga. App. 876, 881 (3) (575 SE2d 673) (2002). In this connection, the moving party must show that (1) the amendment that adds the new defendant arose out of the same facts as the original complaint; (2) the new defendant had adequate notice of the action such that his defense is not prejudiced; and (3) the new defendant knew or should have known that but for a mistake regarding his identity, the action would have been brought against him as a proper party. Id.; see also OCGA § 9-11-15 (c).

It is undisputed that Smith and M.J.E.S. knew nothing about Martin's lawsuit until January 4, 2000. Even if Smith and M.J.E.S.

knew about the car accident involving O'Neal and Martin at or near the time that it occurred, such awareness would be insufficient to give them adequate notice such that they could be properly added as parties to the lawsuit, since "the defendant[s] sought to be added must have actual notice of the institution of the action, not merely notice of the incidents giving rise to the litigation." (Citations and punctuation omitted.) *Khawaja v. Lane Co.*, 239 Ga. App. 93, 96 (2) (520 SE2d 1) (1999). There is further no evidence that Smith and M.J.E.S. knew or should have known that, but for some mistake involving their identities, the action would have been brought against them. Accordingly, the trial court abused its discretion in adding Smith and M.J.E.S. as parties to Martin's lawsuit after the statute of limitation had expired, and should have vacated its order adding them as parties.

*Judgment reversed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED FEBRUARY 18, 2004.

*Pierce & Young, J. Wayne Pierce*, for appellants.
*King, Lipscomb & Lloyd, David S. Lipscomb, Allen & Associates, Jeffrey F. Leasendale*, for appellee.