A07A1918. WALLICK v. LAMB.
(656 SE2d 164)

ANDREWS, Presiding Judge.

Douglas M. Wallick sued Period Homes, Ltd. (PH) in August 1998 seeking damages for PH's alleged April 1994 breach of a contract to purchase real property. See *Wallick v. Period Homes, Ltd.*, 252 Ga. App. 197 (555 SE2d 863) (2001). In November 2003, the trial court

---

entered an order allowing Wallick to amend the pending complaint by adding Hal William Lamb III as a defendant and alleging that Lamb was a partner with PH and was jointly liable with PH for the breach. The trial court subsequently granted summary judgment in favor of Lamb finding that the six-year statute of limitation in OCGA § 9-3-24 expired on the breach of contract claim before Lamb was added by amendment as a defendant, and that expiration of the limitation period barred the claim against Lamb because his addition as a defendant did not relate back to the date of the original complaint under the provisions of OCGA § 9-11-15 (c). We find no merit in Wallick's contention that the relation-back provisions of OCGA § 9-11-15 (c) saved his belated claim against Lamb, and affirm.

Where a new party defendant is added by amendment to a pending complaint after the expiration of the applicable statute of limitation, the claim against the added defendant is barred by the expired limitation period unless all the provisions in OCGA § 9-11-15 (c) are satisfied for relation back of the added defendant to the date of the original complaint. *Cobb v. Stephens*, 186 Ga. App. 648 (368 SE2d 341) (1988). Under OCGA § 9-11-15 (c), an amendment adding a new defendant relates back to the date of the original complaint if the amendment arises out of the same facts and circumstances as the original complaint, and if within the limitation period for commencing the action against the new defendant, the new defendant had sufficient notice of the institution of the suit that he will not be prejudiced in maintaining his defense on the merits, and he knew or should have known that, but for a mistake concerning his identity as a proper party defendant, the action would have been brought against him. Id. at 649-650. All of the provisions of OCGA § 9-11-15 (c) must be satisfied before the belated claim will relate back and escape the bar of the statute of limitation. *Swan v. Johnson*, 219 Ga. App. 450, 451 (465 SE2d 684) (1995).

On the present record, it is clear that, before the statute of limitation expired, Wallick knew about Lamb's involvement with PH and his role in the transaction at issue. Wallick testified in his June 1999 deposition that, prior to filing the original action, he spoke to Lamb in connection with the transaction. The record also shows that, prior to expiration of the limitation period, counsel for Wallick deposed Lamb in January 2000 and Steven Christian (the owner of PH) in October 1999, and both deponents gave detailed testimony about Lamb's relationship with PH and his involvement in the transaction at issue. Thus, the record does not show that Wallick failed to timely sue Lamb in the action because of a mistake as to the identity of the proper party defendant. Rather, it shows that Wallick knew about Lamb and his involvement in the transaction prior to the

expiration of the limitation period, but either failed to timely appreciate that Lamb might be liable or deliberately delayed adding Lamb as a defendant. This supports Lamb's affidavit in support of summary judgment stating that he had no reason to believe that Wallick's failure to timely sue him was due to a mistake as to his identity.

Because the record shows that Lamb did not know or have reason to know within the applicable limitation period that, but for a mistake concerning his identity, he would have been sued, at least one of the relation-back provisions of OCGA § 9-11-15 (c) has not been satisfied. *Deleo v. Mid-Towne Home Infusion*, 244 Ga. App. 683, 684-685 (536 SE2d 569) (2000). Accordingly, the belated claim against Lamb did not relate back to the date of the original complaint pursuant to the provisions of OCGA § 9-11-15 (c), and the trial court correctly granted summary judgment in favor of Lamb based on the bar of the six-year limitation period in OCGA § 9-3-24.

*Judgment affirmed. Adams, J., concurs. Ellington, J., concurs in the judgment only.*

DECIDED DECEMBER 14, 2007.

*Robert H. McKnight, Jr.*, for appellant.
*Raley & Sandifer, G. Brian Raley, Daria French*, for appellee.