## A08A1542. VALENTINO v. MATARA.
### (670 SE2d 480)

BERNES, Judge.

Sharon Valentino filed this personal injury lawsuit against George Matara, seeking damages for personal injuries that she allegedly sustained during an automobile accident. Valentino's complaint alleged that Matara had been negligent per se in the operation of his vehicle, leading to the collision. Matara filed a motion for summary judgment based upon the undisputed fact that he was not the driver of the vehicle and, thus, was not negligent as alleged. Valentino then sought to amend the complaint to add as a defendant the individual who had been driving the vehicle at the time of the collision. The trial court denied Valentino's motion to amend and granted Matara's motion for summary judgment. Valentino appeals, contending that both of the trial court's rulings were erroneous. We discern no error and affirm.

1. Valentino challenges the trial court's decision granting summary judgment in favor of Matara.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations and punctuation omitted.) *Etheredge v. Kersey*, 236 Ga. App. 243 (510 SE2d 544) (1998).

The record evidence shows that Matara and his wife were friends of Rosemary Kamau. On the date of the accident, Matara's wife gave Kamau permission to drive Matara's vehicle to run an errand.

As Kamau was driving Matara's vehicle, she was involved in a rear-end collision with the vehicle in which Valentino was riding as a passenger. Immediately after the collision, Kamau exited the vehicle and spoke to Valentino and her companion, indicating that her father would pay for the damages. The police arrived at the scene, interviewed the drivers of both vehicles, and issued a traffic citation to Kamau. Kamau admitted being the at-fault driver who had caused the collision.

Valentino subsequently filed the instant personal injury lawsuit against Matara, alleging that Matara had been negligent per se in the

operation of his vehicle and had caused the accident.[1] The trial court correctly concluded that Valentino could not prevail on her claim.

> [I]t is axiomatic that the mere fact that an accident happened and the plaintiff may have sustained injuries or damages affords no basis for recovery against a particular defendant unless the plaintiff carries the burden of proof and shows that such accident and damages were caused by specific acts of negligence on the part of that defendant.

(Citation and punctuation omitted.) *Cromer v. Hodges*, 216 Ga. App. 548, 549 (1) (455 SE2d 94) (1995). Here, the undisputed evidence, including Valentino's own deposition testimony, established that the vehicle involved in the collision was not being driven by Matara, but rather by Kamau. Although the vehicle was owned by Matara, he was not present at the time of the collision and he was not aware that his wife had given Kamau permission to drive his vehicle. Since there was no evidence to support Valentino's claim that Matara negligently caused the accident as alleged, the trial court correctly granted summary judgment in favor of Matara. See generally *Etheredge*, 236 Ga. App. at 244.

2. Valentino further contends that the trial court erred in denying her motion to amend the complaint to add Kamau, the negligent driver, as a defendant. "[T]he determination of whether a party should be added to a lawsuit lies within the discretion of the trial court, and that determination will not be disturbed on appeal absent a showing of abuse." *Deleo v. Mid-Towne Home Infusion*, 244 Ga. App. 683, 684 (536 SE2d 569) (2000). Valentino has failed to show that the trial court abused its discretion in this case.

Valentino's complaint was filed approximately one month prior to the expiration of the statute of limitation. She filed her motion to amend nearly five months later, after the statute of limitation had expired. Accordingly, to successfully add Kamau as a defendant, and to have the claim relate back to the date of the original complaint so as not to be time-barred, Valentino was required to satisfy the requirements of OCGA § 9-11-15 (c).

To invoke the relation-back provisions of OCGA § 9-11-15 (c), three conditions must be met: (1) the amendment adding the new defendant must arise out of the same facts as the original complaint; (2) the new defendant must have had sufficient notice of the lawsuit; and (3) the new defendant must have known, or should have known, that *but for a mistake in identifying him as the proper party*, the

---

[1] Valentino's complaint did not allege a claim for negligent entrustment or any other theory of liability that could be asserted against Matara as the owner of the vehicle.

action would have been brought against him.[2] See *Deleo*, 244 Ga. App. at 684. The movant is not entitled to have this statutory provision applied unless all three conditions are satisfied. Id.

In this case, Valentino was unable to establish the third condition of OCGA § 9-11-15 (c). There was no evidence that Valentino was mistaken about Kamau's identity as the negligent driver who caused the collision. Significantly, Valentino knew that Matara was not the driver involved in the collision. At her deposition, Valentino testified that the vehicle in which she was riding was hit by "[a] young woman" who had spoken to her at the scene immediately following the collision.[3] Valentino further deposed that she had no reason to believe that Matara was driving the car at the time of the accident.

As a matter of law, there could be no mistake concerning Kamau's identity since Valentino was present and fully aware of Kamau's negligence in driving the vehicle and in causing the collision. See *Wallick v. Lamb*, 289 Ga. App. 25, 26-27 (656 SE2d 164) (2007); *Deleo*, 244 Ga. App. at 685; *Harding v. Godwin*, 238 Ga. App. 432, 434-435 (518 SE2d 910) (1999); *Swan v. Johnson*, 219 Ga. App. 450, 450-451 (1) (465 SE2d 684) (1995).[4] Because Valentino did not satisfy the third condition of OCGA § 9-11-15 (c), the trial court did not err in denying her motion to add Kamau as a defendant.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 21, 2008.

*Hait & Eichelzer, Philip K. Eichelzer III, Lesley Annis*, for appellant.

---

[2] OCGA § 9-11-15 (c) specifically provides that

[w]henever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

[3] According to Valentino, Kamau jumped out of the car immediately after the collision and yelled, "my daddy will pay for everything."

[4] The trial court's decision concluded that the evidence also failed to show that Kamau knew or should have known that she should have been party to the lawsuit. In light of our conclusion that there was no mistake in Kamau's identity, we do not need to address this determination. The trial court's decision will be affirmed when it is right for any reason. See *Gilbert v. City of Jackson*, 287 Ga. App. 326, 327 (1) (651 SE2d 461) (2007).

*Harper, Waldon & Craig, Russell D. Waldon, Sebastian C. Suma, Louis L. McLendon, Christopher C. Folsom*, for appellee.