[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10861
Non-Argument Calendar

_____

D.C. Docket No. 2:16-cv-00151-LGW-RSB

MICHAEL BOYD,

Plaintiff-Appellant,

versus

WELLS FARGO FINANCIAL BANK, INC.,
WELLS FARGO BANK, N.A.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 4, 2018)

Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Michael Boyd appeals the district court's grant of summary judgment in favor of Defendants Wells Fargo Financial Bank, Inc. (WFFBI) and Wells Fargo Bank, N.A. (WFBNA).  He contends the district court erred both by not remanding the case to state court and by ruling that his claims were barred by the statute of limitations.  After review,[1] we affirm.

## I.  BACKGROUND

In September 2009, Boyd filed a state-court complaint against WFFBI in Glynn County, Georgia.  Boyd alleged that WFFBI falsely reported an unpaid debt to credit agencies, in violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1601 *et seq.*  Boyd attempted to serve the complaint by having a deputy sheriff leave a copy with a WFBNA employee in South Dakota.  WFFBI never appeared. Almost five years later, in August 2014, the state court entered a default judgment.

In April 2016, WFBNA moved to set aside the default judgment.  WFBNA pointed out, among other things, that WFFBI was a non-existent entity. Specifically, WFFBI was never a legal entity or trade name associated with WFBNA, and a similarly named entity—Wells Fargo Financial Bank (without the

---

[1] We review de novo a district court's grant of summary judgment, "viewing all of the facts in the record in the light most favorable to the non-movant."  *Green v. Graham*, 906 F.3d 955, 959 (11th Cir. 2018) (quotation omitted).

"Inc.")—merged into WFBNA before Boyd initiated his suit.  Thus, according to WFBNA, the default judgment against WFFBI was invalid.

In addition, WFBNA contended the default judgment against WFFBI was void because valid service of process was never obtained.  According to WFBNA, the employee who received the original complaint was never authorized to accept service on behalf of WFBNA or any related entity.  Further, WFBNA asserted it did not become aware of the state-court lawsuit until Boyd filed a related federal lawsuit in 2015.

The state court agreed with WFBNA and set aside the default judgment.  In doing so, it found both that WFFBI did not exist and that service of the original complaint was invalid because the employee who received it "was not authorized to accept service on behalf of any Wells Fargo-related entity."

After the default judgment was voided, Boyd moved to add WFBNA as a party.  Over WFBNA's opposition, the state court granted Boyd's motion, added WFBNA as a party, and directed the clerk to issue a summons on September 19, 2016.  An amended complaint, alleging claims against WFBNA, was filed on September 27, 2016 and served on a WFBNA employee in Brunswick, Georgia on October 12, 2016.  On November 10, 2016, WFBNA removed the case to the U.S. District Court for the Southern District of Georgia, citing both federal-question and diversity jurisdiction.

At the district court, WFBNA moved to dismiss the complaint, contending (among other things) that the applicable statutes of limitations had expired and Boyd's new claims did not relate back to the original complaint he filed in 2009. Boyd responded that his claims related back to the 2009 complaint, citing the state court's decision to allow WFBNA to be added as a party over its objection. Boyd also filed a motion to remand the case to state court, contending WFBNA's removal was untimely under 28 U.S.C. § 1446(b) because its employee had notice of the complaint in 2009.

The district court denied the motion to remand, finding WFBNA's removal was timely under 28 U.S.C. § 1446(b) because notice of removal was filed within 30 days of WFBNA being formally served with Boyd's amended complaint. But because the motion to dismiss could not be decided without reference to facts outside the amended complaint, the district court asked that the motion to dismiss be re-filed as a motion for summary judgment. WFBNA obliged, and the district court then granted summary judgment, holding that Boyd's claims against WFBNA were barred by the applicable statutes of limitations because they did not relate back to the original complaint filed in 2009. Boyd timely appealed.[2]

---

[2] Boyd's notice of appeal also sought review of the state court's order setting aside the default judgment. That portion of the appeal was dismissed for lack of jurisdiction on June 27, 2018.

## II.  DISCUSSION

*A.  Removal*[3]

Boyd first contends the case should have been remanded because WFBNA's removal was untimely.  The state court determined that Boyd's 2009 service attempt was legally insufficient because the WFBNA employee with whom he left the complaint was not authorized to accept service on behalf of WFBNA or any related entity.  The district court thus correctly concluded that, because WFBNA was not formally served until October 12, 2016, removal was timely under 28 U.S.C. § 1446(b).[4]  *See Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1209 (11th Cir. 2008) ("[E]ach defendant, *upon formal service of process*, [has] thirty days to file a notice of removal pursuant to § 1446(b)." (emphasis added)).

---

[3] We review de novo a district court's denial of a motion to remand.  *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

[4] Boyd contends on appeal that removal was also untimely under 28 U.S.C. § 1446(c). Because Boyd did not properly assert that argument before the district court, the issue has been waived.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004); *see also Loftin v. Rush*, 767 F.2d 800, 805 (11th Cir. 1985) ("The time limitation for removal is not jurisdictional but rather is modal or formal and may be waived.  Failure to object to defects constitutes waiver and may preclude a party from seeking remand to state court." (citations omitted)), *abrogated on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714–15 (1996).

5

*B. Relation Back*[5]

Boyd next contends the district court erred by determining that his amended complaint did not relate back to his original complaint. He argues that, because a WFBNA employee received a copy of his original complaint in 2009, WFBNA was given sufficient notice of the complaint, and it should have known the complaint would have been asserted against it (rather than WFFBI) but for a mistake as to the proper party's identity.[6] *See* Fed. R. Civ. P. 15(c)(1)(C). The state court determined that Boyd's 2009 service attempt was legally insufficient because the employee who received the complaint was not authorized to accept service on behalf of WFBNA. Given that finding, the district court did not clearly err in determining that WFBNA did not receive timely and adequate notice of the 2009 complaint for purposes of Rule 15(c)(1)(C)(i).[7] Consequently, the district

---

[5] We review for abuse of discretion a district court's determination of whether an amended complaint relates back to an original complaint, and we review for clear error the findings of fact on which the determination was based. *Powers v. Graff*, 148 F.3d 1223, 1226 (11th Cir. 1998).

[6] To the extent Boyd claims the relation-back issue was decided by the state court, he has abandoned that claim by failing to provide legal argument or relevant authorities concerning the preclusive effect of the state court's judgment. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

[7] Boyd contends Georgia law should determine whether the amended complaint relates

court did not abuse its discretion by concluding that Boyd's amended complaint did not relate back to his original complaint.

## III. CONCLUSION

The district court did not err by concluding that removal was timely. Likewise, the district court did not abuse its discretion by concluding that Boyd's amended complaint did not relate back to his original complaint. The district court therefore did not err by granting summary judgment on the basis that the claims in Boyd's amended complaint were barred by the applicable statutes of limitations.

**AFFIRMED.**

---

back to the original complaint. We need not decide the extent to which state or federal law controls this issue. Given the district court's finding that WFBNA did not receive timely and adequate notice of the original complaint, the result is the same under either body of law. *Compare* Fed. R. Civ. P. 15(c)(1)(C)(i) (requiring that the added party must timely be given "such notice of the action that it will not be prejudiced in defending on the merits"), *with Valentino v. Matara*, 670 S.E.2d 480, 482 (Ga. Ct. App. 2008) (requiring that "the new defendant must have had sufficient notice of the lawsuit").