**FIRST DIVISION
BARNES, P. J.,
MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 30, 2019**

# In the Court of Appeals of Georgia

A19A1570. CANNON et al. v. OCONEE COUNTY.

BROWN, Judge.

In this wrongful death suit, Ronald and Kristy Cannon, as the surviving parents of Jessica Katherine Cannon ("the Cannons"), appeal from the trial court's order granting summary judgment in favor of Oconee County ("the County"). In addition to contending that the trial court erred by concluding that the County was not the proper party defendant, the Cannons contend in the alternative that the trial court erred in denying their motion to substitute Oconee County Sheriff Scott Berry, in his official capacity, as a party defendant and in denying their motion for sanctions based upon the County's failure to identify Sheriff Berry in a discovery response. For the reasons explained below, we affirm the trial court's grant of summary judgment to the

County, but reverse its denial of the Cannons' motion to substitute Sheriff Berry, in his official capacity, as a party defendant.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003). So viewed, the record shows that on September 14, 2015, Jessica Cannon died when the car in which she was a passenger struck a tractor-trailer and burst into flames during a high-speed police chase involving an Oconee County deputy sheriff. On December 15, 2015, the Cannons sent an ante litem notice to Oconee County, the Oconee County Sheriff's Office, and the Oconee County Board of Commissioners in connection with their claim for the wrongful death of their daughter. On January 17, 2017, the Cannons filed a wrongful death suit against Oconee County. In their complaint, they asserted that "[t]he County is liable for Deputy Sanders' acts and omissions under the doctrine of respondeat superior," and the County denied this allegation in its answer. The County admitted that the deputy "was acting in the course and scope of his employment as a deputy sheriff with the Oconee County Sheriff's Office." Nowhere

2

in its answer to the complaint did the County assert that it could not be held liable because it was not the deputy's employer — nor did it raise any improper party defense.

In an interrogatory served with their complaint, the Cannons asked the County to "[s]tate the name, current address, and telephone number of any potential party to this lawsuit not already a party." In a response to this query provided before the expiration of the statute of limitation, the County stated:

> Defendant objects to Interrogatory No. 5 on the grounds that it is vague, ambiguous, and calls for legal conclusion; subject to this objection, and without waiving same, Defendant believes that the owner of the vehicle driven by the fleeing suspect during this incident is a potential party to this lawsuit.

While the County chose to identify the owner of the vehicle as a potential party in response to this interrogatory, it did not identify Sheriff Berry as a potential party. In addition to this discovery response, the County provided detailed answers to questions about the written policies and procedures of the Oconee County Sheriff's Office, the insurance policy covering the patrol car involved in the accident,[1] the

---

[1] The patrol car was covered under a membership agreement between the County and "the Association County Commissioners of Georgia-Interlocal Risk Management Agency" ("ACCG-IRMA").

3

reprimand of another deputy in connection with emergency or pursuit driving, and produced numerous documents obtained from the Oconee County Sheriff's Office.

On June 1, 2017, before the expiration of discovery, the Cannons' attorney wrote to the County's attorney in a good faith effort to resolve a dispute regarding the County's response to discovery. The letter closed with a request for the County to "[p]lease provide a verification for the Interrogatory responses." The County did not provide a verification until long after the statute of limitation expired, and this verification stated that the

> Oconee County Administrator, being first duly sworn on oath, deposes and verifies that he has read the foregoing Answers to Plaintiff's First Interrogatories and they are true and correct to the best of his knowledge, information, and belief based upon information provided by the Oconee County Sheriff's Office.

On August 25, 2017, less than 30 days before the expiration of the statute of limitation, the parties filed a joint request for an extension of discovery to complete "depositions of several police officers and the Plaintiffs" scheduled in mid-September. The trial court granted the motion, and the record shows that the County's attorney arranged for the deposition of various deputies employed by the Oconee County Sheriff's Office that took place on September 14, 2017. On July 16, 2018, the

4

County designated Sheriff Scott Berry as its representative for a 30 (b) (6) deposition. Finally, the record shows that the attorney representing the County in this action also represents the Oconee County Sheriff's Office. In a letter written in response to a request for documents under the Open Records Act,[2] OCGA § 50-18-70 et seq., Sheriff Berry acknowledged that the County's attorney "represents Oconee County in [the Cannon lawsuit] and . . . also provides legal representation and advice to the Oconee County Sheriff's Office."

On August 17, 2018, almost a year after the expiration of the statute of limitation, the County moved for summary judgment on the ground that it could not be held liable for the acts of the deputy under the theory of respondeat superior because the Oconee County Sheriff's Office, not the County, employed the deputy. In addition to opposing the County's motion on the merits, the Cannons filed a motion for sanctions under OCGA § 9-11-37 (d) to preclude the County from raising an improper party defense and a motion to substitute Oconee County Sheriff Scott Berry, in his official capacity, for the County in the event the Court determined that the County was not a proper defendant. The trial court granted the County's motion

---

[2] See *Ga. Ports Auth. v. Lawyer*, 304 Ga. 667, 679 (3) (a) (821 SE2d 22) (2018) (describing OCGA § 50-18-70 as "the Open Records Act").

for summary judgment and denied the Cannons' motion for sanctions and motion to substitute Sheriff Berry as a defendant. The trial court denied the Cannons' motion to substitute based upon its conclusory finding that "Sheriff Berry would be prejudiced in maintaining defenses on the merits of the case and defending the case on its merits under these circumstances," its belief that "[a]s a matter of law, there could be no mistake concerning the identity of Sheriff Berry since Plaintiffs were fully aware of his existence and equally fully aware that the Oconee County Sheriff's Office was the employer of [the deputy]," and its finding that there was "no evidence that Sheriff Berry had or should have had knowledge that Plaintiffs[] made any mistake whatsoever."

1. The Cannons contend that the trial court erred in concluding that the County was entitled to summary judgment on the ground that the County cannot be held vicariously liable for the actions of a sheriff's deputy. We disagree. It is well established that "deputy sheriffs are employees of the sheriff, not the county, and the county cannot be held vicariously liable as their principal." *Lowe v. Jones County*, 231 Ga. App. 372, 373 (2) (499 SE2d 348) (1998).

The Cannons' argument that they should nonetheless be entitled to sue the County based upon the waiver of sovereign immunity for motor vehicle claims found

6

in OCGA § 36-92-1 et seq. has no merit based upon this Court's interpretation of that statutory scheme in *Davis v. Morrison*, 344 Ga. App. 527 (810 SE2d 649) (2018).[3] OCGA § 36-92-2 (a) provides for the waiver of "[t]he sovereign immunity of local government entities for the negligent use of a covered motor vehicle" up to various limits depending upon the date of the incident. OCGA § 36-92-3 (b) mandates:

> A person bringing an action against a local government entity under the provisions of this chapter shall name as a party defendant the local government entity for which the officer or employee was acting and shall not name the local government officer or employee individually. In the event that the local government officer or employee is individually named for an act which the local government entity is liable under this chapter, the local government entity for which the local government officer or employee was acting shall be substituted as the party defendant.

Based upon the definition of "local government entity" as "any county, municipal corporation, or consolidated city-county government of this state," OCGA § 36-92-1 (3), the Cannons assert that the only "local government entity" they could possibly sue is Oconee County. In *Davis*, however, this Court explained that "the term 'local government entity' should [not] be construed so narrowly as to exclude sheriff's

---

[3] We note that this decision was issued after the statute of limitation expired in this case.

7

offices, which though separate from a county itself, nevertheless, clearly perform governmental services on a local level." (Citation and punctuation omitted.) 344 Ga. App. at 531 (1). Based upon our decision in *Davis*, we find no merit in the Cannons' assertion that the County was the only entity against whom they could file their complaint.

2. Having concluded that the County cannot be held vicariously liable for the conduct of the sheriff's deputy, we now consider the Cannons' assertion that the trial court abused its discretion by denying their motion to substitute Sheriff Scott Berry, in his official capacity, as the proper party defendant. "On appeal, a trial court's decision on a motion to add a party to an existing action is reviewed for abuse of discretion." *Western Sky Financial v. State of Ga.*, 300 Ga. 340, 357 (3) (a) (793 SE2d 357) (2016).

> Where, as here, the party would be added after the running of the statute of limitation, it must be determined whether under OCGA § 9-11-15 (c) the claim against the new party relates back to the date of the original pleading. Delay cannot be the sole reason for a trial court to deny joinder, and when a plaintiff can satisfy the statutory requirements for relation back of an amendment, set out in OCGA § 9-11-15 (c), denying a motion for leave to amend the complaint to add a defendant is an abuse of the trial court's discretion.

8

(Citations and punctuation omitted.) *Callaway v. Quinn*, 347 Ga. App. 325, 330 (819 SE2d 493) (2018). Under OCGA § 9-11-15 (c), an amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if (1) "the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"; and

> if within the period provided by law for commencing the action against him the party to be brought in by amendment ([2]) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and ([3]) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

OCGA § 9-11-15 (c).

In this case, it is plain that the Cannons satisfied the first condition. With regard to the second condition (notice and prejudice), the County made no specific argument in its brief below, choosing instead to focus upon the third condition. Based upon our review of the hearing transcript on the motion, no argument or evidence of prejudice was presented to the trial court. "[P]rejudice, for purposes of OCGA § 9-11-15 (c), does not include the relation back of an amendment to before the expiration

9

of the statute of limitation." *Fontaine v. Home Depot*, 250 Ga. App. 123, 125-126 (1) (550 SE2d 691) (2001). As this is the only conceivable prejudice to Sheriff Berry in a case that has been vigorously defended by the County in obvious coordination with the Oconee County Sheriff's Office, we find that the trial court erred in concluding that Sheriff Berry would be prejudiced in his defense on the merits. Based upon evidence showing that this same coordination took place before the expiration of the statute of limitation,[4] the Cannons presented evidence showing notice of the action and satisfaction of the second condition of OCGA § 9-11-15 (c).

With regard to the final condition of OCGA § 9-11-15 (c), the Cannons point to the United States Supreme Court's decision in *Krupski v. Costa Crociere S. p. A*, 560 U. S. 538 (130 SCt 2485, 177 LE2d 48) (2010), a seminal decision addressing the appropriate interpretation of the third condition in Rule 15 (c) of the Federal Rules of Civil Procedure.[5] In *Krupski*, the United States Supreme Court reversed the

[4] In an interrogatory response dated April 24, 2017, the County stated that "representatives of the Oconee County Sheriff's Office were involved in gathering the information to answer Plaintiff's discovery requests."

[5] As the Supreme Court of Georgia has recognized, "OCGA § 9-11-15 (c) is modeled after Federal Rule of Civil Procedure Rule 15 (c)." *Tenet HealthSystem GB v. Thomas*, 304 Ga. 86, 88 (816 SE2d 627) (2018). Accordingly, we may look to federal court decisions applying Rule 15 (c) when interpreting and applying OCGA § 9-11-15 (c). Id.

Eleventh Circuit Court of Appeals for focusing upon the plaintiff's knowledge of a defendant's identity. 560 U. S. at 548 (II) (A). In so holding, the Supreme Court clarified that Rule 15 (c)

> asks what the prospective *defendant* knew or should have known [before the expiration of the statute of limitation], not what the *plaintiff* knew or should have known at the time of filing her original complaint. Information in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity. For purposes of that inquiry, it would be error to conflate knowledge of a party's existence with the absence of mistake. . . . That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity.

(Footnote omitted; emphasis in original.) Id. at 548-549 (II) (A). It further explained that "[t]he only question under Rule 15 (c) . . . is whether [a prospective defendant] knew or should have known that, absent some mistake, the action would have been brought against him." Id. at 549 (II) (A). It agreed that a plaintiff would not be able add a defendant under Rule 15 (c) if the plaintiff made "a deliberate choice to sue one party instead of another while fully understanding the factual and *legal differences*

11

between the two parties. . . ." (Emphasis supplied.) Id. Stated differently, a "deliberate but mistaken choice does not foreclose a finding that Rule 15 (c) . . . has been satisfied." Id.

In reaching this conclusion, the United States Supreme Court observed that Rule 15 (c) "was added in 1966 to respond to a recurring problem in suits against the Federal Government, particularly in the Social Security context." *Krupski*, 560 U. S. at 550 (II) (A). Individuals filing timely lawsuits would "fail to name the party identified in the statute as the proper defendant," not discover their error until after the statute of limitation had expired, and courts would deny their motion for "leave to amend on the ground that the amended complaints would not relate back." Id. Although it was

> conceivable that the Social Security litigants knew or reasonably should have known the identity of the proper defendant either because of documents in their administrative cases or by dint of the statute setting forth the filing requirements . . . , [the United States Supreme Court held that] the Advisory Committee clearly meant [for such] filings to qualify as mistakes under the Rule.

Id. at 550-551.

In this case, the Cannons made a deliberate but mistaken choice to sue the County, rather than Sheriff Berry, in his official capacity, based upon a misunderstanding of the proper local government entity to sue for vicarious liability based upon the conduct of a county deputy sheriff. Based upon the particular facts and circumstances of this case, Sheriff Berry should have known that, but for a mistake, he would have been sued in his official capacity for the conduct of a sheriff's deputy, particularly when he spoke with the Cannons about the circumstances of their daughter's death before suit was filed and his office was involved in providing information to answer their discovery requests after suit was filed. See *Little Tree v. Fields*, 240 Ga. App. 12, 13-14 (1) (b) (522 SE2d 509) (1999) (affirming trial court's grant of motion to add individual defendant because "he knew he specifically directed or participated in the construction" at issue in the lawsuit; noting that delay in adding defendant was caused by uncertainty over corporation's active status in case involving corporate veil piercing). Accordingly, the trial court erred by denying the Cannons' motion to add Sheriff Berry, in his official capacity, as a defendant in this action.

The trial court relied upon our decisions in *Valentino v. Matara*, 294 Ga. App. 776 (670 SE2d 480) (2008), and *Wallick v. Lamb*, 289 Ga. App. 25 (656 SE2d 164)

13

(2007), to support its decision to deny the Cannons' motion to add Sheriff Berry as a defendant. Both of these cases were decided before the clarification provided in the United States Supreme Court's persuasive opinion in *Krupski*, supra. More importantly, neither of them involved a determination of which county entity could be sued based upon a waiver of sovereign immunity through the purchase of insurance.

In our view, this case is more analogous to those cases in which a plaintiff is allowed to change the name of a corporate entity after the limitation period has expired. See, e. g., *Fontaine*, 250 Ga. App. at 124-127 (1) (allowing plaintiff to add Home Depot, U. S. A. when plaintiff originally sued Home Depot, Inc.). Indeed, in *Fontaine*, this Court distinguished other cases, relied upon by the County here, finding no mistake in identity based upon the fact that the plaintiff sought to add *individual* defendants who had no reason to believe that the suit might be brought against them. Id. at 126 (1). See *Deleo v. Mid-Towne Home Infusion*, 244 Ga. App. 683, 684 (536 SE2d 569) (2000) (affirming trial court's order denying plaintiff's motion to add two registered nurses to its action against their employer and a doctor); *Harding v. Godwin*, 238 Ga. App. 432, 434-435 (518 SE2d 910) (1999) (reversing trial court's denial of motion to dismiss because amendment adding doctor as a

14

defendant to suit filed against the hospital did not relate back to date of original pleading). Our opinion in *Dean v. Hunt*, 273 Ga. App. 552 (615 SE2d 620) (2005), decided four years after our decision in *Fontaine*, supra, is distinguishable for the same reason. *Dean*, 273 Ga. App. at 554 (affirming trial court's order denying motion to add driver of second car involved in three-car collision into suit filed against driver of the first car).

3. Based upon our holding in Division 2, we need not address the Cannons' alternative enumeration of error with regard to sanctions against the County.

*Judgment affirmed in part, reversed in part. Barnes, P. J., and Mercier, J., concur.*