**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**March 13, 2025**

# In the Court of Appeals of Georgia

A24A1543. ROCHA-CRUZ et al. v. DUCATI NORTH AMERICA, INC. et al.

GOBEIL, Judge.

Junior Rocha-Cruz was injured in a motorcycle accident in November 2019, and he filed a personal injury and products liability suit against the manufacturer, Ducati North America, Inc. ("Ducati"), and the dealership, Motorcycles of Atlanta, Inc. ("MOA") (collectively referred to as the "appellees"), in March 2021. He voluntarily dismissed the first suit without prejudice in April 2023. Rocha-Cruz and his wife, Marisol Luna, filed a second complaint against the appellees on November 17, 2023, raising nearly identical claims as in the first suit. This second suit was filed outside the two-year statute of limitation applicable to personal injury actions (OCGA § 9-3-33), as well as outside the six-month period for the filing of a renewal action (OCGA § 9-2-

61). The appellees moved to dismiss the second action as time-barred. Thereafter, Rocha-Cruz filed an amended complaint, in which he added a claim for fraud. The trial court dismissed the second action as untimely. On appeal, Rocha-Cruz[1] argues that the trial court erred by granting the appellees' motions to dismiss because it improperly determined that Rocha-Cruz failed to establish that the statute of limitation was tolled by fraud. For the reasons explained more fully below, we affirm.

As a threshold matter, we note that Rocha-Cruz's appellate brief fails to comply with this Court's rules in many respects. Notably, he does not include citations to the record as required by Court of Appeals Rule 25 (d) (1) (i), which states that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or

---

[1] As discussed infra, Luna raised a claim for loss of consortium in the November 17, 2023 complaint. Although the appellants' brief in this case, filed with the assistance of counsel, purports to be written on behalf of both Rocha-Cruz and Luna, the brief includes argument only as to Rocha-Cruz's claims and makes no challenge to the dismissal of Luna's claim. Because any "ruling with respect to [Luna's loss-of-consortium claim] is neither enumerated as error nor challenged in the appellant brief, [Luna's] appeal is deemed abandoned and dismissed pursuant to Court of Appeals Rule 23 (a)." *Goodwin v. State*, 321 Ga. App. 548, 548 n. 1 (739 SE2d 814) (2013). See also *Apple Pie Ridge Homeowners Assoc., Inc. v. Andrews*, 371 Ga. App. 691, 693 (902 SE2d 665) (2024) (homeowners association's failure to appeal trial court's denial of its motion to withdraw admissions amounted to abandonment of any challenge to that ruling and resulted in trial court's ruling on that issue being affirmed by operation of law); Court of Appeals Rule 25 (a) (4).

transcript. In the absence of a specific reference, the Court will not search for and may not consider that enumeration." See also Court of Appeals Rule 25 (d) (2) ("Reference to a paper record shall be indicated by the volume number of the appellate record and the trial court's stamped page number . . . . Reference to an electronic record should be indicated by the volume number of the electronic record and the PDF page number within that volume[.]"). In addition, although Rocha-Cruz enumerates five errors, the arguments on these points are intermingled. Court of Appeals Rule 25 (a) (7).

> Briefs that do not conform to our rules hinder our ability to determine the basis and substance of an appellant's appeal. In addition, the burden is upon the party alleging error to show it affirmatively in the record, and appellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument.

*Moxie Capital, LLC v. Delmont 21, LLC*, 363 Ga. App. 152, 153 (869 SE2d 127) (2022) (citation and punctuation omitted); see *Resource Life Ins. Co. v. Buckner*, 304 Ga. App. 719, 740 (7) (698 SE2d 19) (2010) ("[i]t is not the function of this Court to cull the record on behalf of a party in search of instances of error") (citation and punctuation

omitted). Nonetheless, we turn to the relevant facts and merits of this appeal, as best as we can discern them.

We review a trial court's ruling on a motion to dismiss for failure to state a claim de novo, construing the complaint in the plaintiff's favor. *Z-Space, Inc. v. Dantanna's CNN Center, LLC*, 349 Ga. App. 248, 248 (825 SE2d 628) (2019). "A statute of limitation defense goes to the merits of the claim, and is therefore subject to a motion to dismiss under OCGA § 9-11-12 (b) (6)." *Mark A. Scheider Revocable Trust v. Hardy*, 362 Ga. App. 149, 150 (1) (867 SE2d 153) (2021) (citations and punctuation omitted).

According to Rocha-Cruz, he purchased a new Ducati motorcycle from MOA on August 2, 2019. Shortly after purchase, Rocha-Cruz began experiencing problems with the motorcycle, including an incident when he was riding the bike on the street and "the Bike's engine shut down abruptly and without user action." He brought the bike back to MOA for repairs on September 27, 2019, but he alleges that various software updates "were installed incorrectly," and MOA was not aware of this fact but should have been. On November 26, 2019, the motorcycle again lost power, and as Rocha-Cruz attempted to bring the bike to a stop on the side of the road, it

accelerated suddenly. This movement caused the motorcycle to fall onto Rocha-Cruz, trapping him and resulting in the loss of his left leg below the knee.

Rocha-Cruz filed a personal injury suit against Ducati, MOA, and Continental Automotive Systems, Inc. ("Continental")[2] on March 16, 2021 (the "2021 complaint"), raising claims for negligence, strict liability, strict products liability: failure to warn, punitive damages, attorney fees and expenses of litigation, and breach of implied warranty. Within the negligence count of his complaint, Rocha-Cruz alleged that the motorcycle's electronic control unit ("ECU") was "unreasonably dangerous and defective" and could cause users to experience sudden engine shutoffs and sudden, unintended accelerations due to errors in the ECU software. According to the complaint, the appellees knew about the problems and defects in the software, yet "even the alleged 'repair' to the defective ECUs was just as defective and untested as the original ECU." Rocha-Cruz took the deposition of an MOA technician in January 2023, and on April 5, 2023, Rocha-Cruz voluntarily dismissed the 2021 complaint without prejudice.

---

[2] Continental manufactures electronic control units and motorcycle parts for Ducati.

On November 17, 2023, Rocha-Cruz and Luna filed a second complaint in the trial court (the "2023 complaint"). The 2023 complaint largely tracked the language of the 2021 complaint, but it (1) dropped Continental as a defendant; (2) added Luna as a plaintiff and included her claim for loss of consortium; and (3) restated the warranty claim as "breach of explicit/implied warranty." The appellees filed answers to the 2023 complaint, and filed motions to dismiss, arguing inter alia that Rocha-Cruz and Luna's complaint was filed outside the two-year limitation period applicable to personal injury claims. See OCGA § 9-3-33.

On February 8, 2024, Rocha-Cruz filed an amended complaint;[3] this complaint omitted Luna's loss-of-consortium claim,[4] added a claim for fraud, and otherwise included the same claims as the 2023 complaint. In the newly added fraud claim, Rocha-Cruz alleged that "[w]hen [Rocha-Cruz] took the Bike in for repairs to [MOA], he was misinformed as to what repairs had been made and how." He claimed that he

---

[3] The pleading is styled as a "Second Amended Civil Complaint & Demand for Jury Trial," but the record does not include a first amended complaint.

[4] Luna's name appears in the case caption in the amended complaint, but does not otherwise appear in that pleading.

reasonably relied on the misrepresentation by MOA's employee and continued riding the motorcycle until his November 2019 accident. Rocha-Cruz described that he

> did not discover the most likely cause of the Bike's malfunction until he learned that the updates were made from a "laptop" provided to the dealership which affected the installations and would have told the technician that there were errors in the installation as evidenced by the printout from the alleged bike repair in early 2023 at the deposition of the aforementioned MoA technician which showed that no "repair" had been made at all.

Also on February 8, Rocha-Cruz and Luna responded to the appellees' motions to dismiss the 2023 complaint, arguing that the two-year limitation period was tolled by the fraudulent misrepresentation that the motorcycle had been repaired. Ducati and MOA then filed motions to dismiss the amended complaint.

The trial court granted the motions to dismiss, concluding that Rocha-Cruz and Luna failed to establish that the statute of limitation was tolled. In particular, the court found that Rocha-Cruz and Luna failed to demonstrate that the appellees committed either actual fraud or such fraud as would have deterred or debarred them from discovering their cause of action. The trial court also found that Rocha-Cruz and Luna

failed to adequately plead a claim for fraud and exercise reasonable diligence to discover the alleged fraud.[5] This appeal followed.

Rocha-Cruz concedes that generally, actions for personal injury must be brought within two years after the right of action accrues. OCGA § 9-3-33. Nevertheless, he argues that the trial court erred by concluding that he failed to establish fraud sufficient to toll the running of the statute of limitation pursuant to OCGA § 9-3-96.

OCGA § 9-3-96 provides: "If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." To toll the statute of limitation under OCGA § 9-3-96,

> a plaintiff must show that: (1) a defendant committed actual fraud; (2) the fraud concealed the cause of action from the plaintiff; and (3) the

---

[5] In its dismissal order, the trial court also analyzed whether the 2023 complaint was a viable renewal of the 2021 complaint under OCGA § 9-2-61. However, in his reply brief in this Court, Rocha-Cruz specifically states that he is "NOT arguing that [his] new complaint was filed within the six month grace period set forth in OCGA § 9-2-61." He instead frames the issues as "whether or not the 'fraud' that the Appellants are raising in their underlying action is sufficient to toll the statute of limitations, and if it does not, then this matter does become subject to the two year statute of limitations."

plaintiff exercised reasonable diligence to discover the cause of action despite [his] failure to do so within the statute of limitation.

*Rollins v. LOR, Inc.*, 345 Ga. App. 832, 842 (1) (815 SE2d 169) (2018) (citations and punctuation omitted). "[A] plaintiff bringing an action for fraud has the burden of showing the existence of facts that would toll the statute of limitation." *Sweet City Landfill, LLC v. Lyon*, 352 Ga. App. 824, 829-830 (2) (835 SE2d 764) (2019) (citation and punctuation omitted). This Code section "has always been strictly construed to require (1) actual fraud involving moral turpitude, or (2) a fraudulent breach of a duty to disclose that exists because of a relationship of trust and confidence." Id. at 830 (2) (citation and punctuation omitted).

As an initial matter, Rocha-Cruz did not argue below, nor does he argue on appeal, that he had a confidential relationship with the appellees or that either of them committed actual fraud involving moral turpitude. See *Howard v. Barron*, 272 Ga. App. 360, 364 (2) (612 SE2d 569) (2005) ("In the majority of business dealings, opposite parties have trust and confidence in each other's integrity, but there is no confidential relationship by this alone.") (citation and punctuation omitted); *M. J. E. S. Enterprises v. Martin*, 265 Ga. App. 652, 654 (595 SE2d 367) (2004) ("[t]he alleged

fraud that would toll the statute of limitation must involve moral turpitude, which the plaintiff has the burden of establishing ").

Moreover, the key element for applying OCGA § 9-3-96's tolling provisions is that "the fraud must have debarred or deterred the plaintiff from bringing the suit timely. In other words, the fraud must conceal the cause of action and cut plaintiff off from suing, preclude him, hinder him, shut him out, or exclude him to debar him from bringing suit[.]" *Carroll v. Piedmont Med. Care Corp.*, 352 Ga. App. 348, 353 (834 SE2d 868) (2019) (citations and punctuation omitted). Here, Rocha-Cruz couched his fraud claim as a misrepresentation that prevented him from "discover[ing] the most likely cause of the Bike's malfunction." However, Rocha-Cruz's "injury was occasioned by violent external means and the statute of limitation began to run on the day his injury was actually sustained." *Bitterman v. Emory Univ.*, 175 Ga. App. 348, 348 (1) (333 SE2d 378) (1985) (citation and punctuation omitted). In addition, on the date of the accident, the motorcycle experienced the very same issue for which Rocha-Cruz had brought it to MOA in the first place, putting him on notice that there was an issue with the repair. Importantly, Rocha-Cruz filed the 2021 complaint, which demonstrated that he was aware of all of the facts surrounding his injuries and the

10

damage to his motorcycle, well within two years of his motorcycle accident. He has thus failed to show that any actions on the part of the appellees deterred him from bringing the action in a timely manner.

Even accepting the allegations of Rocha-Cruz's complaint as true, as we must at this stage of the proceeding, he claims that he only discovered the mechanic's misrepresentation during a deposition conducted on January 12, 2023. This purported disclosure occurred approximately four months prior to Rocha-Cruz's voluntary dismissal of the 2021 complaint on April 5, 2023.[6] Given that Rocha-Cruz did in fact bring an action within the statute of limitation, and he admits that he discovered the facts giving rise to his fraud claim prior to the voluntary dismissal of the 2021 complaint, the trial court did not err by concluding that OCGA § 9-3-96's tolling provisions did not extend the limitation period in this case. See *Sowerby v. Doyal*, 307 Ga. App. 6, 8-9 (703 SE2d 326) (2010) (finding that OCGA § 9-3-96 did not apply and holding that alleged fraud on part of attorney did not prevent client from bringing legal malpractice claim where, within limitation period, she had discovered her potential

---

[6] After the voluntary dismissal, Rocha-Cruz could have availed himself of Georgia's renewal statute, OCGA § 9-2-61, which generally permits the refiling of a civil action within six months of its voluntary dismissal, but he failed to do so.

cause of action against attorney, spoken with attorney's malpractice insurer about her claim, sought legal representation to file suit on her claim, and filed a pro se action against attorney asserting claim for legal malpractice).

*Judgment affirmed. Barnes, P. J., and Pipkin, J., concur.*